THE STATE, EX REL. BAKER, APPELLANT, *v.*
DAYTON MALLEABLE, INC. ET AL., APPELLEES.

[Cite as State, ex rel. Baker, *v.* Dayton Malleable, Inc. (1983),
6 Ohio St. 3d 1.]

(No. 82-1224—Decided July 13, 1983.)

*Mr. Michael J. Muldoon,* for appellant.

*Smith & Schnacke Co., L.P.A.,* and *Ms. Edna Scheuer,* for appellee Dayton Malleable, Inc.

*Mr. William J. Brown,* attorney general, and *Mr. James E. Davidson,* for appellee Industrial Commission.

*Per Curiam.* This appeal presents the question of whether by granting a motion for reconsideration the commission stays the period of time within which it has jurisdiction to act regardless of whether the underlying order is vacated.

R.C. 4123.52 provides that "[t]he jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders * * * as, in its opinion is justified. * * *" Appellees contend that this court placed limitations on that general authority in *State, ex rel. Prayner,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 120 [31 O.O.2d 192], and *Todd* v. *General Motors* (1981), 65 Ohio St. 2d 18 [19 O.O.3d 195], which limitations, they contend, apply to the instant case.

In *Prayner,* we stated at page 121 that the commission "has control over its orders until the actual institution of an appeal therefrom or until the expiration of the time for such an appeal." We did not state that the commission loses control over its orders thereafter. In *Todd,* we held that orders of the commission "may be vacated * * * and the matter * * * set for rehearing * * * until actual institution of a court appeal or the expiration of the 60-day appeal period * * *." We did not state that orders *must* be vacated within that period of time.

The purpose of the sixty-day limit on the filing of an appeal is to prevent stale claims and to encourage claimants to elect one of two remedies: administrative or judicial appeal. This purpose is fulfilled when, as in the instant case, the claimant files, and the commission grants, a motion for reconsideration. The claimant will not be penalized for electing an administrative remedy merely because the commission is slow to act.

Neither *Prayner* nor *Todd* precluded the commission from retaining jurisdiction over the instant case. Those decisions must be interpreted to mean that the commission must assert its jurisdiction within the sixty-day period in order to retain it. The commission asserted its jurisdiction with regard to the instant case when it granted appellant's motion for reconsideration.

The commission retains jurisdiction to proceed with appellant's case and

a writ of mandamus is appropriate to compel them to so proceed. Accordingly, the judgment of the court of appeals is reversed and the writ is allowed.

*Judgment reversed and writ allowed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.