BOIERU, APPELLANT AND CROSS-APPELLEE, *v.* STATE EMPLOYMENT RELATIONS BOARD ET AL., APPELLEES AND CROSS-APPELLANTS.

(Nos. 54341 and 54374—Decided October 31, 1988.)

*Elfvin & Associates* and *Bruce B. Elfvin,* for appellant and cross-appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Susan C. Hayest,* for appellee and cross-appellant State Employment Relations Board.

*Gregory J. Lavelle,* for appellee and cross-appellant Cuyahoga County Library Union.

KRUPANSKY, J. On January 23, 1987, Olga Boieru, charging party-appellant, filed notice of appeal with the Cuyahoga County Common Pleas Court in case No. 123147 pursuant to R.C. 4117.13(D) from an adverse decision of the State Employment Relations Board ("SERB") denying her motion for reconsideration. SERB, on November 20, 1986, initially issued an order dismissing Boieru's charge of

unfair labor practices committed by Boieru's collective bargaining representative, the Cuyahoga County Library Union ("CCLU"), as untimely filed pursuant to R.C. 4117.12. On December 1, 1986, Boieru filed a request or motion for reconsideration dated November 26, 1986. On January 8, 1987, SERB denied the motion for reconsideration.

Subsequent to Boieru's filing a notice of appeal with the court of common pleas, both SERB and CCLU filed motions to dismiss for lack of jurisdiction and/or summary judgment motions. The common pleas court granted both these motions. Judgment was journalized July 20, 1987.

Boieru filed notice of appeal from the court of common pleas decision on August 17, 1987. CCLU filed notice of cross-appeal on August 25, 1987. SERB filed notice of cross-appeal on August 31, 1987.

SERB's cross-appeal is dismissed pursuant to App. R. 3(A) since the cross-appeal was untimely filed as provided in App. R. 4(A). However, the merits of SERB's contentions on appeal will necessarily be addressed in the discussion of Boieru's assigned errors.

App. R. 4(A) provides in pertinent part:

"Appeals in Civil Cases. In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment or order appealed from. A notice of appeal filed before entry of such judgment or order shall be treated as filed after such entry and on the day thereof. *If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within ten days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this subdivision, whichever period last expires.*" (Emphasis added.)

All cross-appeals *sub judice* in order to have been filed timely should have been filed within ten days of filing of the first notice of appeal, *i.e.,* no later than August 27, 1987. Since final judgment was entered July 20, 1987, the thirty-day period to file a notice of appeal expired August 19, 1987. However, since the first notice of appeal was filed August 17, 1987, cross-appellant had ten days in which to file its cross-appeal or until August 27, 1987, thereby extending the original thirty-day period to appeal. All cross-appeals in order to be timely filed must be filed within thirty days from journalization of judgment or ten days from filing of the first notice of appeal, whichever period is longer. SERB did not file notice of cross-appeal until August 31, 1987. Hence, the time for filing notice of cross-appeal expired prior to SERB filing its notice. Accordingly, SERB's cross-appeal is dismissed.

CCLU's cross-assignments of error and Boieru's assignment of error No. 3 will be discussed before discussing the merits of Boieru's remaining assignments of error. CCLU assigned two errors on cross-appeal. CCLU's cross-assignments of error Nos. 1 and 2 follow:

"I. The court of common pleas errored [*sic*] by failing to make findings of fact and conclusions of law pursuant to its Rule 19(B).

"II. The court of common pleas errored [*sic*] by failing to specifically state its findings:

"A. That Boieru's appeal was untimely filed as a matter of law.

"B. That a motion for reconsideration does not exist for actions under the State Employment Relations Board as a matter of law.

"C. That Boieru's motion for reconsideration was moot since the dismissal of her unfair labor practice charge was final as a matter of law.

"D. That the State Employment

Relations Boards [*sic*] denial of the motion for reconsideration was supported by substantial evidence and therefore conclusive under Ohio Revised Code Section 4117.13(D) as a matter of law.

"E. That neither the denial of a motion for reconsideration or [*sic*] the dismissal of an unfair labor practice charge constitute final appealable orders under Ohio Revised Code Section 4117.13(D) as a matter of law."

Boieru's assignment of error No. 3 follows:

"III. The trial court abused its discretion by refusing to delineate its reasons for granting and the findings [*sic*] in support of the dismissals."

CCLU's cross-assignments of error Nos. 1 and 2 and Boieru's assignment of error No. 3 lack merit.

Civ. R. 52 provides in pertinent part:

"*When questions of fact are tried by the court* without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open court requests otherwise before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.

"When a request for findings of fact and conclusions of law is made, the court, in its discretion, may require any or all of the parties to submit proposed findings of fact and conclusions of law; however, only those findings of fact and conclusions of law made by the court shall form part of the record.

"*Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56.*"(Emphasis added.)

Civ. R. 52 clearly states findings of fact and conclusions of law are unnecessary upon motions made pursuant to Civ. R. 12 and 56. In the case *sub judice,* whether the motions to dismiss filed by CCLU and SERB are categorized as motions made pursuant to Civ. R. 12 or 56, the court of common pleas was not required to issue separate findings of fact and conclusions of law.

CCLU's reliance on Cuyahoga Common Pleas Local R. 19(B) is misplaced. Local R. 19(B) provides in pertinent part:

"Request for Findings by the Court. When a request for findings of fact and conclusions of law is made, the judge shall direct the party making the written request to prepare, within five (5) days, proposed findings of fact and conclusions of law and submit them to the opposing counsel. Within ten (10) days after its receipt by the opposing counsel, the proposed findings shall be submitted to the Court with objections and counter proposals, if any, in writing; however, only those findings of fact and conclusions of law made by the Court shall form part of the record."

The court of common pleas has discretion in interpreting its own local rules of court. See *Paugh & Farmer, Inc.* v. *Menorah Home for Jewish Aged* (1984), 15 Ohio St. 3d 44, 15 OBR 142, 472 N.E. 2d 704. The trial court did not abuse its discretion in failing to issue separate findings of fact and conclusions of law in light of Civ. R. 52, which provides separate findings of fact and conclusions of law are not necessary upon motions made pursuant to Civ. R. 12 and 56. Furthermore, the court of common pleas tried no factual issues; therefore, the court had no duty to make factual findings when its rulings rested solely on legal issues. See *Mofu* v. *State Medical Bd.* (1984), 21 Ohio

App. 3d 182, 21 OBR 194, 486 N.E. 2d 1169.

Accordingly, CCLU's cross-assignments of error 1 and 2 and appellant's assignment of error No. 3 are not well-taken and are overruled.

Boieru's assignments of error Nos. 1, 2 and 4 follow:

"I. The trial court erred as a matter of law by granting SERB's and CCLU's motions to dismiss where administrative agencies have inherent authority to reconsider their decisions.

"II. The trial court abused its discretion and abdicated its constitutional duty to interpret R.C. Chapter 4117 in order to properly conform to the statute's intent and to its remedial purposes.

"IV. The trial court had jurisdiction to review this denial as a proper appeal pursuant to R.C. 4117.13(D)."

Appellant's assignments of error Nos. 1, 2 and 4 lack merit. The case *sub judice* can be distilled into two issues: (1) whether SERB's orders of November 20, 1986 and January 8, 1987 are final appealable orders and, if so, (2) whether SERB lost jurisdiction to issue the January 8 order, whereupon the January 8 order would be a nullity, and also whether the common pleas court, for reasons more fully explained *infra,* would have lost jurisdiction to hear the case. Resolution of either issue necessarily resolves the case *sub judice.*

R.C. 4117.13(D) provides in pertinent part:

"Any person aggrieved by any *final order* of the board granting or denying, in whole or in part, the relief sought may appeal to the court of common pleas of any county where the unfair labor practice in question was alleged to have been engaged in, or where the person resides or transacts business, by filing in the court a notice of appeal setting forth the order appealed from and the grounds of appeal.

The court shall cause a copy of the notice to be served forthwith upon the board. Within ten days after the court receives a notice of appeal, the *board shall file in the court a transcript of the entire record in the proceeding,* certified by the board, including the pleading *and evidence* upon which the order appealed from was entered." (Emphasis added.)

Thus, R.C. 4117.13(D) provides anyone aggrieved by a *final order* of the board may appeal to the court of common pleas of the county where the unfair labor practice occurred or where the person resides or does business.

R.C. 4117.12 provides in pertinent part:

"(B) When anyone files a *charge* with the board alleging that an unfair labor practice has been committed, *the board* or its designated agent shall *investigate* the charge. If the board has *probable cause* for believing that a violation has occurred, the board shall issue a *complaint* and shall *conduct a hearing* concerning the charge. The board shall cause the complaint to be served upon the charged party which shall contain a *notice* of the time at which the hearing on the complaint will be held either before the board, a board member, or a hearing officer. The board may not issue a notice of hearing based upon any unfair labor practice occurring more than ninety days *prior* to the filing of the charge with the board, unless the person aggrieved thereby is prevented from filing the charge by reason of service in the armed forces, in which event the ninety-day period shall be computed from the day of his discharge. * * *" (Emphasis added.)

The question becomes whether the November 20, 1986 order which dismissed Boieru's charge of unfair labor practices for failure to file within the ninety-day limit *is a final order.*

Before an appeal from an administrative order can be brought, the proceedings of the administrative agency must be quasi-judicial in nature. See *Staples* v. *Ohio Civ. Serv. Emp. Assn./American Fed. of State, Cty. & Mun. Emp., Local 11, AFL-CIO* (1986), 32 Ohio App. 3d 9, 12, 513 N.E. 2d 821, 824. R.C. 4117.13, which allows an appeal to common pleas court, contemplates an appeal only after a quasi-judicial proceeding. In the case *sub judice,* SERB made an investigation pursuant to R.C. 4117.12 to determine whether a complaint should be filed. SERB held no hearings on the matter before a hearing officer. SERB concluded once the investigation was completed no complaint would be filed because the charging party failed to bring charges within the ninety-day period set forth in R.C. 4117.12.

The decision to prosecute or not to prosecute a claim is a purely executory and nonjudicial function. This is true because the decision involves public and not private rights, *viz.,* the enforcement of unfair labor practices proscribed by R.C. Chapter 4117. The function of SERB under R.C. 4117.12 in conducting an investigation to determine whether a complaint shall be issued is akin to the discretionary determination of a county prosecutor to seek a grand jury indictment or akin to a decision of a grand jury to indict or not to indict an alleged violator of a criminal offense. Neither decision would be appealable.

In addition, if SERB's decision was considered a final order it would be invalid, since R.C. 4117.12 and 4117.13 read *in pari materia* contemplate a final order be made only subsequent to a hearing before an administrative hearing officer or the board. Pursuant to R.C. 4117.02(M), where not otherwise provided, SERB is subject to the provisions of R.C. Chapter 119. *South Community, Inc.* v. *State Emp. Relations Bd.* (1988), 38 Ohio St. 3d 224, 527 N.E. 2d 804. R.C. 119.01(D) provides an adjudication does not include acts which are ministerial in nature. An investigation is clearly a ministerial function. At no time did Boieru receive a hearing on the merits of her claim. As such there can be no final order from which the charging party can appeal. See *State, ex rel. Harris,* v. *Williams* (1985), 18 Ohio St. 3d 198, 18 OBR 263, 480 N.E. 2d 471. For the foregoing reasons, SERB's decision not to file a complaint against CCLU is not a final order.

Assume *arguendo,* however, SERB's decision is in fact a final order, the court of common pleas, nevertheless, still lacked jurisdiction to hear the appeal. R.C. Chapter 4117 fails to set forth time limitations in which an aggrieved party must bring an appeal in the court of common pleas. By virtue of R.C. 4117.02(M), the time limitations set forth in R.C. Chapter 119 control. See *South Community, Inc., supra.* R.C. 119.12 requires the aggrieved party to file notice of appeal within fifteen days after mailing of notice of the agency's order. The statute fails to provide for an appeal from a motion for reconsideration.

Absent statutory provisions to the contrary, an administrative agency retains inherent power to reconsider its decisions *until* filing of notice of appeal or expiration of the time for appeal. *Hal Artz Lincoln-Mercury, Inc.* v. *Ford Motor Co.* (1986), 28 Ohio St. 3d 20, 28 OBR 83, 502 N.E. 2d 590; *State ex rel. Baker,* v. *Dayton Malleable, Inc.* (1983), 6 Ohio St. 3d 1, 6 OBR 1, 450 N.E. 2d 1160. However, when the agency grants a motion to reconsider its decision within the period afforded the aggrieved party to file a notice of appeal, and no notice of appeal has

been filed, then the granting of such motion vests the agency with an additional reasonable time to reconsider the merits of its prior decision. See *Hal Artz Lincoln-Mercury, supra,* at 24-28, 28 OBR at 86-89, 502 N.E. 2d at 593-596. In effect, if a motion to reconsider is filed within the fifteen-day appeals time and SERB decides to act on such motion within the fifteen days, then the time to appeal is extended for a reasonable time for SERB to make a ruling reconsidering its former decision.

In the case *sub judice,* notice of SERB's decision not to file a complaint was mailed November 20, 1986. If the November 20 order were a final order, then SERB had until December 5, 1986 to determine whether it would reconsider its November 20 decision. However, SERB failed to act until January 8, 1987, after the expiration of the period in which an appeal could have been filed. Therefore, SERB lost jurisdiction to reconsider its decision on December 5. Consequently, the January 8 decision was a nullity and the period for appeal of the original decision could not have been revived by SERB's January 8 decision. As a result, Boieru failed to file timely notice of appeal and the common pleas court did not gain jurisdiction by virtue of the notice of appeal filed by Boieru on January 23, 1987. The common pleas court properly dismissed Boieru's appeal.

Accordingly, Boieru's assignments of error Nos. 1, 2 and 4 are not well-taken and are overruled.

*Judgment affirmed.*

PRYATEL, C.J., and J. V. CORRIGAN, J., concur.