JOURNAL ENTRY AND OPINION
Theopolic Williams, Sr. d.b.a. Theo's Lounge challenges the lower court's dismissal of his appeal of a liquor permit revocation. For the reasons set forth below, we affirm.
Williams was charged with two liquor law violations. A hearing was scheduled for April 21, 1998, and Theo's Lounge was served with notice of the hearing at 2400-04 Broadway Avenue, in Cleveland. It is undisputed that Theo's Lounge is located at 5400-04 Broadway Avenue. It is also undisputed that Williams did not appear for the scheduled hearing. The Liquor Control Commission subsequently found the permit holder in violation of both liquor a violations and ordered the permit revoked effective at noon on May 13, 1998. This decision was served at the correct address on April 22, 1998, and Williams was personally served at this time.
On May 7, 1998, Williams sought reconsideration. On May 12, 1998, the Liquor Control Commission denied the motion for rehearing. On May 19, 1998, Williams filed a notice of appeal with the court of common pleas. The Liquor Control Commission filed a motion to dismiss the matter because it was not filed within the twenty-one day limit set forth in R.C. 4301.28(C). The trial court granted the motion and Williams now appeals, assigning two errors for our review.
Williams's assignments of error state:
 THE TRIAL COURT ERRED IN GRANTING LIQUOR CONTROL COMMISSION'S MOTION TO DISMISS FILED ON OR ABOUT AUGUST 3, 1998.
 THE LOWER COURT ERRED BY REFUSING TO REMAND THIS MATTER TO THE LIQUOR CONTROL COMMISSION AND ORDER A NEW HEARING IN COMPLIANCE WITH THE OHIO ADMINISTRATIVE CODE, THE RULES OF THE LIQUOR COMMISSION AND APPLICABLE LAWS OF THE STATE OF OHIO.
Within these assignments of error, Williams maintains that by filing a motion for rehearing before the Liquor Commission pursuant to Rule 4301:1-1-65 of the Ohio Administrative Code, the time within which to file an appeal to the court of common pleas is tolled. Williams therefore asserts that the trial court erred in is missing this matter.
Section 4301:1-1-65 of the Ohio Administrative Code provides in relevant part as follows:
 (I) Should any party to a hearing desire a rehearing by the commission, such party shall make known such desire in writing within fifteen days after decisions by the commission and shall accompany the application with a verified statement setting out the grounds on which such rehearing is sought. * * * *
R.C. 119.12 provides, in part:
 "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided by this section."
In administrative appeals governing liquor licenses, R.C.4301.28(C) provides in relevant part as follows:
 A permit holder desiring to file a notice of appeal under section 119.12 of the Revised Code with respect to any order of the commission as described in this division shall do so within twenty-one days after the mailing of the notice of the commission's order as provided in section 119.12 of the Revised Code.
In Boieru v. State Employment Relations Bd. (1988), 54 Ohio App.3d 23. this court set forth the time limits for perfecting an appeal where the appellant also seeks reconsideration of the agency decision. The court stated:
 The statute fails to provide for an appeal from a motion for reconsideration.
 Absent statutory provisions to the contrary, an administrative agency retains inherent power to reconsider its decisions until filing of notice of appeal or expiration of the time for appeal. Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.
(1986), 28 Ohio St.3d 20, 28 OBR 83, 502 N.E.2d 590; State ex rel. Baker, v. Dayton Malleable, Inc.
(1983), 6 Ohio St.3d 1, 6 OBR 1, 450 N.E.2d 1160. However, when the agency grants a motion to reconsider its decision within the period afforded the aggrieved party to file a notice of appeal, and no notice of appeal has been filed, then the granting of such motion vests the agency with an additional reasonable time to reconsider the merits of its prior decision. See Hal Artz Lincoln-Mercury, supra, 28 Ohio St.3d at 24-28, 28
OBR at 86-89, 502 N.E.2d at 593-596. In effect, if a motion to reconsider is filed within the fifteen-day appeals time and SERB decides to act on such motion within the fifteen days, then the time to appeal is extended for a reasonable time for SERB to make a ruling reconsidering its former decision.
 In the case sub judice, notice of SERB's decision not to file a complaint was mailed November 20, 1986. If the November 20 order were a final order, then SERB had until December 5, 1986 to determine whether it would reconsider its November 20 decision. However, SERB failed to act until January 8, 1987, after the expiration of the period in which an appeal could have been filed. Therefore, SERB lost jurisdiction to reconsider its decision on December 5. Consequently, the January 8 decision was a nullity and the period for appeal of the original decision could not have been revived by SERB's January 8 decision. As a result, Boieru failed to file timely notice of appeal and the common pleas court did not gain jurisdiction by virtue of the notice of appeal filed by Boieru on January 23, 1987. The common pleas court properly dismissed Boieru's appeal.
Accord John Ken Alzheimer's Ctr. v. Ohio Cert. of Need Review Bd.
(1989), 65 Ohio App.3d 134, 138 (For administrative law cases, the action is pending in the administrative agency until the time for appeal expires or an appeal is filed since the administrative agency retains jurisdiction during that time).
Likewise, in this instance, the Liquor Control Commission held a hearing in this matter on April 21, 1998, and this decision was served at Theo's Lounge and served upon Williams the next day. By application of R.C. 4301.28(C), the Liquor Control Commission retained authority to reconsider its decision only until May 13, 1998 and in fact denied the motion for reconsideration on May 12, 1998. Williams filed an appeal to the court of court of common pleas on May 19, 1998, or six days beyond the twenty-one day period for pursuing an appeal. Therefore, the court of common pleas properly dismissed Williams's appeal.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. MCMONAGLE, J., AND ANNE L. KILBANE, J. CONCUR.
 __________________________________ ANN DYKE PRESIDING JUDGE