OPINION
Plaintiff-appellant/cross-appellee, Judith Gilbert nka Beckwith ("appellant"), appeals the decision of the Clermont County Court of Common Pleas, Juvenile Division, granting defendant-appellee/cross-appellant, Jeff Lower's ("appellee"), motion to modify child support and reducing appellee's child support obligation. We reverse and remand the cause for proceedings not inconsistent with this opinion.
On November 6, 1989, appellee was ordered to pay child support and provide medical insurance on behalf of Bradley Scott Gilbert, born September 15, 1988. On August 26, 1996, appellee's child support obligation was modified and increased to $593.08 per month. This amount was based upon his annual gross income of $54,340, with an adjustment for his two children. At that time, appellee was employed by Geupel Construction Company as a construction foreman.
In December 1997, appellee was laid off by Geupel Construction. In late February 1998, appellee was hired by George Igel Company, a construction company, as a grade foreman. During the time between these jobs, appellee received $30 per week in unemployment insurance proceeds.
On March 30, 1998, appellee filed a motion to modify the child support order, asserting that there was a change in circumstances. Appellee claimed that the annual income from his new job was considerably less than that from his job with Geupel Construction. A magistrate's hearing on appellee's motion was held on May 14, 1998, at which appellee presented two paycheck stubs as proof of his income. The first paycheck stub, from Geupel Construction and dated November 29, 1997, showed that appellee had earned $47,482 as of that date. The second paycheck stub, from George Igel Company, covered the pay week from March 8 to March 14, 1998. Appellee earned a gross income during that period of $799.31. His year-to-date gross income from George Igel Company was $2,096.48 as of March 14, 1998.
Based upon the paycheck stub from George Igel Company, the magistrate determined that appellee's projected income for the coming year would be $37,168.56. After completing the child support worksheet, the magistrate concluded that the child support should be reduced to $520.83 per month, and the magistrate filed an order reducing appellee's child support obligation accordingly. Both parties filed objections to the magistrate's order. On August 5, 1998, the trial court filed an entry overruling both parties' objections and adopting the magistrate's order. On September 2, 1998, appellant filed a notice of appeal. On October 5, 1998, appellee filed a notice of cross-appeal.
In her appeal, appellant raises a single assignment of error:
 THE MAGISTRATE AND JUDGE INCORRECTLY DETERMINED CHILD SUPPORT, AND INCORRECTLY DETERMINED APPELLATE [sic] JEFF LOWER'S "CALENDAR YEAR" "GROSS INCOME." [sic]
 In her assignment of error, appellant contends that the trial court incorrectly calculated appellee's income when determining whether appellee's child support obligation should be modified. Appellee argues that the trial court erred by using the ten weeks of income shown on the paycheck stub from George Igel 
Company to extrapolate appellee's projected future income.
The trial court possesses considerable discretion in child support matters. The decision of the trial court will be reversed only if it is the product of an abuse of discretion. Pauly v.Pauly (1997), 80 Ohio St.3d 386, 390. "Abuse of discretion" is described as "more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
R.C. 3113.215 is a comprehensive enactment governing the procedures for awarding and calculating child support. Its provisions are mandatory in nature and must be followed literally and technically in all material respects. This is because the overriding concern of R.C. 3113.215 is the best interest of the child for whom support is being awarded. Marker v. Grimm (1992),65 Ohio St.3d 139, 141-142. The calculation of support must be made in accordance with the basic child support schedule set forth in R.C. 3113.215(D) and the applicable model worksheet in R.C.3113.215(E) or (F). R.C. 3113.215(B)(1). If the court makes the proper calculations based upon the schedule and applicable worksheet, the amount shown on the worksheet is "rebuttably presumed" to be the correct amount of child support due. R.C.3113.215(B)(1); Rock v. Cabral (1993), 67 Ohio St.3d 108, 110.
The amount of child support to be paid by the obligor is based upon the obligor's "income." R.C. 3113.215(A)(1) defines "income" as, "[f]or a parent who is employed to full capacity, the gross income of the parent." R.C. 3113.215(A)(2) defines "gross income" as follows:
 [E]xcept as excluded in this division, the total of all earned and unearned income from all sources during the calendar year, whether or not the income is taxable, and includes, but is not limited to, income from salaries, wages, overtime pay and bonuses to the extent described in division (B)(5)(d) of this section, commissions, royalties, tips, rents, dividends, severance pay, pensions, interest, trust income, annuities, social security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, benefits received by and in the possession of the veteran who is the beneficiary for any service-connected disability under a program or law administered by the United States department of veterans' affairs or veterans' administration, spousal support actually received from a person not a party to the support proceeding for which actual gross income is being determined, and all other sources of income; * * * self-generated income; and potential cash flow from any source.
 Once a child support order has been entered, the obligor or obligee may later file a motion to modify the child support obligation. R.C. 3113.215(B)(4) provides:
 If an obligor or obligee under a child support order requests the court to modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of child support that would be required to be paid under the support order in accordance with the schedule and pursuant to the applicable worksheet * * *, and if that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support that is required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet * * * shall be considered by the court as a change in circumstance that is substantial enough to require a modification of the amount of the child support order.
* * *
 If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet * * *, unless the court determines that the amount calculated * * * would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in division (B)(2)(c) of this section.
 R.C. 3113.215(A)(2), which defines "gross income," makes it clear that the trial court is to base its determination upon the income earned and unearned in a calendar year. Appellee presented the court with two paycheck stubs, one from November 1997, and the other from March 1998. Appellee testified that during the time he had remained unemployed, he received unemployment insurance proceeds in the amount of $30 per week. Thus, the trial court might have calculated appellee's gross income in the twelve months preceding the hearing on appellee's motion to modify his child support obligation, or, if accounting for potential overtime pay, the trial court might have calculated appellee's potential income in the coming months.
Instead, the trial court sought to determine what appellee's income would be in the coming year. The trial court based its calculation of this projected income upon the income appellee earned in the first ten weeks of his employment with George Igel 
Company. But appellee admitted that this ten weeks would not account for any overtime which he may work in the future, and that the ten weeks were during a period in which there was less work. The trial court based its determination upon a single paycheck stub which may not accurately reflect appellee's potential income.
We find that the trial court abused its discretion in finding that appellee had proven a substantial change in circumstances warranting a modification in his child support obligation. A review of the record demonstrates that, in the proceedings below, the trial court failed to account for any income above the base salary from appellee's present job. Therefore, we reverse the trial court's order, and remand the case so that the trial court may again consider this issue.
Upon remand, the trial court should consider evidence sufficient to determined appellee's income, actual and potential, earned and unearned, in a calendar year, which would include both his salary as reflected in pay stubs, as well as any overtime which appellee has earned or is likely to earn. The trial court must consider all sources of income when determining whether appellee has demonstrated a substantial change in circumstances. Accordingly, appellant's assignment of error is well-taken.
In his cross-appeal, appellee raises a single assignment of error:
 IT WAS AN ABUSE OF DISCRETION FOR THE LOWER COURT TO FAIL TO TAKE NOTICE THAT APPELLEE'S CHILD SUPPORT WORKSHEET SHOULD INCLUDE THE ADJUSTMENT FOR HIS TWO OTHER CHILDREN PURSUANT TO O.R.C. SEC. 3113.215(B)(5)(c).
 In his assignment of error, appellee contends that the trial court erred by failing to include in the child support worksheet adjustments for appellee's child support obligations concerning two other children. We find that this cross-appeal must be dismissed as not timely filed.
In order for a cross-appeal to be timely, it must be filed within thirty days from the journalization of the appealable order or ten days from the filing of the first notice of appeal, whichever occurs later. Boieru v. SERB (1988), 54 Ohio App.3d 23; App.R. 4(B)(1). Since a cross-appeal is a separate attempt by an appellee to enlarge his own rights or lessen the rights of an adversary, the time requirements under the appellate rules are mandatory and jurisdictional. Kaplysh v. Takieddine (1988),35 Ohio St.3d 170.
Appellee's assignment of error is not an attempt under R.C.2505.22 to affirm the trial court's decision. Rather, appellee seeks to reduce the amount of child support he was ordered to pay by factoring in his financial obligations to his children from other marriages. Clearly, this is an attempt to "enlarge his own rights or lessen the rights of an adversary," and requires this particular assignment of error to be raised pursuant to a timely filed notice of appeal.
The trial court filed its entry adopting the magistrate's recommendations on August 5, 1998. Appellant's notice of appeal was filed on September 2, 1998 with an accompanying certificate of service. The court docket shows that the clerk of court mailed appellee a copy of the notice of appeal that same day. Thus, appellee had until September 12, 1998 in which to file his cross-appeal. Appellee failed to file his notice of cross-appeal until October 5, 1998.
Therefore, we find that appellee's cross-appeal was not timely filed, and it is accordingly dismissed.
Judgment reversed and cause remanded for proceedings not inconsistent with this opinion.
POWELL, P.J., and VALEN, J., concur.