Appellant, Mathew J. Musgrave, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his R.C.119.12 appeal from a letter of appellee, Ohio State Counselor and Social Worker Board ("board"), advising it would conduct no further investigation of appellant's complaint against a number of his former or current co-workers. Appellant assigns a single error:
 THE FRANKLIN COUNTY COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR IN DISMISSING APPELLANT'S APPEAL ON THE BASIS OF LACK OF STANDING AND LACK OF AN APPEALABLE ORDER.
Because the trial court properly dismissed appellant's R.C. 119.12
appeal, we affirm.
According to the record, by letter dated July 28, 1998, appellant sent a letter to the board enclosing a complaint regarding five persons who were former or then current employees of the Guernsey County Children's Services Board and who appellant believed to be licensees under the board. The board replied with a letter dated July 30, 1998, advising that the issues appellant raised in his letter were beyond the jurisdiction of the board, as they involved internal management, administrative and labor law concerns. Appellant responded by letter dated August 12, 1998, and requested all references the board used in determining its lack of jurisdiction and in assigning alternative jurisdictional bodies to whom appellant might present his complaints. By letter dated August 20, 1998, the board advised that the individuals listed in appellant's letter were considered civil servants and were exempt under the laws and rules regulating counselors and social workers, rendering the board without jurisdiction over them.
Apparently unsatisfied with the board's response, by letter dated August 30, 1998, appellant advised the board that the persons subject of his complaint possessed licenses from the board, in addition to civil service status under R.C. 4757.41(B). Noting that the board could suspend, revoke, reprimand, or place restrictions on any license or certificate for ethical violations, appellant contended the licensees were within the board's jurisdiction, despite their civil service status. The board responded by letter dated September 1, 1998, that the "Board had already concluded that the allegations you allege, even if true, do not amount to a statutory violation to the level to warrant formal disciplinary action." The letter, however, noted that at the next scheduled meeting to be held on September 24 and 25, 1998, a member of the board would "re-review" the information appellant submitted, after which appellant would be notified of the board's decision.
Consistent with its prior letter, on October 5, 1998, the board advised appellant it had "re-reviewed" his complaint, and it reaffirmed that his complaint was not a proper case to open for formal investigation. The board noted that even if it had jurisdiction over the licensees at issue, the board was exercising its legal right not to take jurisdiction in a case that was employment in nature and concerned an internal management disagreement.
On October 16, 1998, appellant filed a notice of appeal under R.C. 119.12 in the Franklin County Common Pleas court seeking to appeal the board's decision. Appellant assigned seven errors in the board's inaction, including a constitutional issue for the court's review. The board responded with a motion to dismiss and the common pleas court granted the motion, finding the board's order did not arise from an adjudication adversely affecting appellant. In his appeal, appellant contends the common pleas court erred in granting the board's motion to dismiss.
Under R.C. 119.12, "[a]ny party adversely affected by any order of an agency issued pursuant to an adjudication [other than `an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license, or allowing the payment of a forfeiture under Section 4301.252 of the Revised Code'] may appeal to the Court of Common Pleas of Franklin county." Goldberger v. Weiler (Aug. 3, 1999), Franklin App. No. 98AP-1097, unreported (1999 Opinions 2788, 2790). R.C.119.01(D) defines "adjudication" to mean "the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person."
Here, the board's order did not determine appellant's rights, duties, privileges, or legal relationships. Instead, it determined only that, in its discretion, the board would not exercise jurisdiction over appellant's complaint, given the nature of the complaint and alternative remedies available. In substance, the board determined appellant's complaint did not rise to a level to justify proceeding to an adjudication which would determine the parties' rights, duties, privileges, or legal relationships. SeeBarron v. State (Dec. 2, 1980), Franklin App. No. 80AP-470, unreported (1980 Opinions 3668) (holding that an order of the Ohio Motor Vehicle Dealers' Board refusing to proceed further on a complaint did not determine rights, duties, privileges, or legal relationships of any person and was therefore not issued pursuant to an adjudication); Goldberger, supra. As in Barron, the board's decision not to proceed is an executive, rather than an adjudicative decision and is not appealable. See Boieru v. StateEmp. Relations Bd. (1988), 54 Ohio App.3d 23, 27.
Because the board's order was not issued pursuant to an adjudication, the order is not appealable under R.C. 119.12 and the common pleas court properly dismissed appellant's attempt to appeal the board's decision. Accordingly, appellant's single assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
BROWN and DESHLER, JJ., concur.