JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Colleen M. O'Toole ("O'Toole") appeals from the decision of the Cuyahoga County Court of Common Pleas which signed a journal entry, designed to reflect an in-court agreement with plaintiff Damian Barille ("Barille"), that O'Toole argues was materially inconsistent with that in-court agreement.
 {¶ 2} Finding error in the proceedings below, we affirm in part and reverse and remand in part.
 {¶ 3} The following facts give rise to this appeal. The parties reached an in-court agreement regarding a post-divorce custody dispute. Barille was ordered to prepare a journal entry reflecting the terms of that in-court agreement. In accordance with Loc.R. 28 of the Domestic Relations Division of the Cuyahoga County Common Pleas Court, Barille sent a copy of the proposed entry to O'Toole. After receiving that proposed journal entry, O'Toole filed a statement of objection to the proposed entry and an "immediate [request for an] attorney conference." No hearing or attorney conference was scheduled and Barille's proposed entry was signed by the trial judge as submitted and filed.
 {¶ 4} Two days after the filing of Barille's proposed entry, Barille sent a letter to O'Toole and the court with a revised journal entry, captioned "nunc pro tunc." O'Toole again filed objections to this nunc pro tunc entry and requested an immediate attorney conference. No hearing or attorney conference was scheduled and the trial court signed and filed this nunc pro tunc journal entry. From these actions of the trial court, O'Toole appeals and advances two assignments of error.
 {¶ 5} "ASSIGNMENT OF ERROR I The trial court erred as a matter of law and committed an abuse of discretion by executing and journalizing the judgment entry (vol. 4029, pg. 929-931), inclusive, under Local Rule 28(B), when objections have been filed and before scheduling an attorney conference to address the said judgment entry. The court committed prejudicial error in signing the judgment entry, based upon agreement of the parties after appellant filed objections thereto indicating terms were not in accordance with the agreement and for the reason that the judgment entry did not conform to the agreement as indicated by the record in this matter."
 {¶ 6} Loc.R. 28 of the Domestic Relations Division of the Cuyahoga County Court of Common Pleas permits the court to direct either counsel to prepare a proposed journal entry reflecting the terms of an in-court agreement. Loc.R. 28(B)(1). The rule also requires the preparing counsel to submit the proposed entry to opposing counsel and the court for review. Id. After that review, opposing counsel may file objections to the proposed entry. Id. Local rules of court are, in general, procedural in nature. The court of common pleas has discretion in interpreting its own local rules. Boieru v. State Emp. Relations Bd. (1988),54 Ohio App.3d 23. In essence, the court is entitled to exercise wide discretion in the matters before it. Id. We review the trial court's decision in interpreting and applying Loc.R. 28 under an abuse of discretion standard. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark, 71 Ohio St.3d 466,1994-Ohio-43. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe I (1991), 57 Ohio St.3d 135. With this standard in mind, we review the matter before us.
 {¶ 7} Barille submitted a proposed entry reducing the parties' in-court agreement to a journal entry. O'Toole filed an objection to that proposed entry as permitted under Loc.R. 28. As part of her objection, O'Toole cited multiple sections of the proposed entry that she claimed were "materially inconsistent" with the transcript of the hearing that recited the terms of the agreement on the record.
 {¶ 8} Ordinarily, an in-court settlement binds the parties, even if they do not reduce it to writing. Spercel v. Sterling Industries,Inc. (1972), 31 Ohio St.2d 36. A trial court is permitted to enter a judgment which accurately reflects an agreement they made in open court and read into the record. Bolen v. Young (1982), 8 Ohio App.3d 36.
 {¶ 9} O'Toole argues that five specific errors appear in the proposed journal entry. Those errors are alleged material inconsistencies between the journal entry and the agreement reached by the parties on the record.
 {¶ 10} The first error in the journal entry cited by O'Toole is the following:
 {¶ 11} "* * * Damian shall be entitled to one week of make-up time during one of Colleen's months in exchange for Colleen having possession of minor children during Damian's August possessory time.* * *"
 {¶ 12} O'Toole argues that passage is materially inconsistent with the following from the transcript:
 {¶ 13} "And if Mr. Barille loses any time, by reason thereof, it is to be made up somewhere else."
 {¶ 14} These two excerpts are not materially inconsistent. It is logical that since the parties agreed on the record that any loss of time to Barille would be made up "somewhere else," it necessarily means during "one of O'Toole's months." This passage in the journal entry merely restates with specificity the clear agreement of the parties regarding make-up time.
 {¶ 15} The second error in the journal entry cited by O'Toole is the following:
 {¶ 16} "* * * Damian shall have possession of the minor children until Michael's last day of school in June, every year * * *."
 {¶ 17} O'Toole argues that passage is materially inconsistent with the following from the transcript:
 {¶ 18} "THE WIFE: And it is both children, not just Mikey.
 {¶ 19} "THE COURT: Yes, both children."
 {¶ 20} O'Toole's citation to this brief portion of the transcript offers no context from which to determine the accuracy of her argument regarding material inconsistency.
 {¶ 21} This passage from the record follows a long discussion regarding possession time of the children following the end of the school year. The passage accurately reflects Barille's possession of the children until their last day of school as was stated on the record.
 {¶ 22} The third error in the journal entry cited by O'Toole is the following:
 {¶ 23} "* * * During their off months, the parties shall have possession time with the minor children alternating weekends, from Friday, after school, until Sunday evening at 7:00 p.m., except that on Damian's month, Colleen shall keep Michael so that he can attend school on Monday morning.* * *"
 {¶ 24} O'Toole argues that passage is materially inconsistent with the following from the transcript:
 {¶ 25} "THE WIFE: Children."
 {¶ 26} "THE WIFE: And it is both children, not just Mikey.
 {¶ 27} "THE COURT: Yes, both children."
 {¶ 28} The transcript clearly sets out on page 5 the identical agreement contained in the journal entry as shown by this passage from the transcript:
 {¶ 29} "The parties shall have possession of the minor children * * * on alternating weekends from Friday after school until 7:00, approximately, on Sunday evening, except that during father's month, mother, during her alternating weekends, shall keep Michael so that he can attend school the following morning."
 {¶ 30} The fourth error in the journal entry cited by O'Toole is the following:
 {¶ 31} "Additionally, the parties shall have possession of the minor children every Wednesday during their off months, from after school until 7:00 p.m., except that during Damian's month, Colleen shall keep Michael overnight Wednesdays for Michael to attend school on Thursday."
 {¶ 32} O'Toole argues that passage is materially inconsistent with the following from the transcript:
 {¶ 33} "THE WIFE: Children."
 {¶ 34} "THE WIFE: And it is both children, not just Mikey.
 {¶ 35} "THE COURT: Yes, both children."
 {¶ 36} The transcript clearly sets out on page 5 the identical agreement contained in the journal entry as shown by this passage from the transcript:
 {¶ 37} "Additionally, during their off months, the parties shall have possession of the minor children every Wednesday from after school until 7:00, approximately, except that during father's month, the mother has [the] child on her Wednesday evenings, she shall keep the minor child overnight during school days to insure the child's attendance at school the following Thursday."
 {¶ 38} The fifth error in the journal entry cited by O'Toole is the following:
 {¶ 39} "* * * The Cuyahoga standard Guidelines for Holidays and Days of Special meetings shall be placed into effect immediately. * * *"
 {¶ 40} O'Toole argues that passages is materially inconsistent with the following from the transcript:
 {¶ 41} "The standard holiday possession schedule, pursuant to the Cuyahoga County standard guidelines, shall be placed into effect immediately."
 {¶ 42} O'Toole offers no specific reason why she reads these two passages as materially inconsistent, and we fail to find one.
 {¶ 43} Considering our analysis of the claimed inconsistencies between the transcript of the proceedings and the signed journal entry, we cannot say the trial court abused its discretion in signing the proposed journal entry as submitted.
 {¶ 44} O'Toole's first assignment of error is overruled.
 {¶ 45} "ASSIGNMENT OF ERROR II The trial court's judgment entry of a second alleged order entered nunc pro tunc on October 22, 2002, is invalid and unenforceable as a matter of law."
 {¶ 46} Following the signing and filing of Barille's proposed entry, discussed in assignment of error I above, Barille submitted a revised journal entry, nunc pro tunc, to correct an error that Barille's counsel discovered with that initial entry. That claimed error involved the allocation of a tax exemption for the parties' children. Following receipt of this nunc pro tunc entry, O'Toole again filed objections and requested an immediate attorney conference. Without ruling on O'Toole's objections or granting a hearing, the trial court signed and filed Barille's counsel's nunc pro tunc entry as submitted.
 {¶ 47} Civ.R. 60(A) permits "clerical mistakes in judgments" to be "corrected by the court at any time on its own initiative or on the motion of any party * * *." Using a nunc pro tunc entry to make substantive changes to a prior entry, however, is not permitted. Ickesv. CNA Insurance, Stark App. No. 2001CA00241, 2002-Ohio-2531.
 {¶ 48} Included in the record is a letter from Barille's counsel to O'Toole accompanying the proposed nunc pro tunc journal entry. That letter indicates that this revised entry was necessary because the tax exemption issue was omitted from the original journal entry as well as being "omitted from the transcript" of the hearing that resulted in the in-court agreement.
 {¶ 49} Barille's own admission establishes that the proposed entry could not properly be signed and filed by the trial court as a nunc pro tunc entry. This proposed, and eventually signed, nunc pro tunc entry included the additional issue on tax exemptions that was not only omitted from the prior entry, but omitted from the entire record of the proceedings that purported to capture the parties in-court agreement. This change certainly qualifies as substantive rather than clerical.
 {¶ 50} A nunc pro tunc entry that seeks to make a substantive correction to a previous journal entry is void. Ickes, supra. O'Toole's second assignment of error is sustained. Considering the absence of an agreement between the parties on the record and the invalidation of the nunc pro tunc entry, a hearing must be held and evidence taken to determine the proper resolution of the tax exemption issue.
 {¶ 51} We reverse the trial court and remand this case for proceedings consistent with this opinion.
ANNE L. KILBANE, P.J., AND ANTHONY O. CALABRESE, JR., J., CONCUR.