[Cite as *Gray v. Gray*, 2011-Ohio-4091.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95532**

---

## MARCY L. GRAY

PLAINTIFF-APPELLEE

vs.

## SCOTT A. GRAY

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-329703

**BEFORE:** Jones, J., Blackmon, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**   August 18, 2011

**ATTORNEY FOR APPELLANT**

Thomas A. McCormack
The Superior Building
Suite 1915
815 Superior Avenue
Cleveland, Ohio 44114

**ATTORNEY FOR APPELLEE**

Jonell R. Glitzenstein
20050 Lakeshore Boulevard
Euclid, Ohio 44123

LARRY A. JONES, J.:

{¶ 1}   Defendant-appellant, Scott Gray ("Scott"), appeals from a judgment entry-decree of divorce from plaintiff-appellee, Marcy Gray ("Marcy"), filed by the Cuyahoga County Court of Common Pleas, Domestic Relations Division.    Finding no merit to the appeal, we affirm.

Procedural History and Facts

{¶ 2}   Marcy and Scott married in 1996 and had two children.   In 2010, Marcy filed for divorce.   A pretrial hearing was scheduled for April 5, 2010.   Scott, who resided in Oregon, failed to appear.    He also did not inform the court that he could not attend the pretrial, request a telephonic pretrial, or move for a continuance.   Scott's attorney did attend the hearing.   At that time, a trial date was set for July 8, 2010.

{¶ 3}   On the day of trial, Scott again failed to appear, although he knew about the trial

date. The trial court denied his counsel's request for a continuance, noting that Scott did not appear for the pretrial, was given ample notice of the trial date, and had not properly requested a continuance prior to trial. The trial court then directed Marcy's attorney to draft the judgment entry of divorce. Scott's counsel left the courthouse prior to the completion of judgment entry of divorce and did not participate in the final hearing.

{¶ 4} Marcy's counsel submitted the judgment entry to the trial court the same day, along with an application for child support and a private health insurance questionnaire that had been previously completed by both parents. The trial court took testimony from Marcy and issued a journal entry granting the divorce.

{¶ 5} Scott filed his notice of appeal and subsequently filed with this court a purported App.R. 9(C) statement of the evidence or proceedings, which was signed by both parties and indicated that the trial court executed the journal entry without taking evidence. The trial court then submitted its own App.R. 9(C) statement of the evidence, stating that the trial court had indeed taken testimony from Marcy prior to granting the divorce.

{¶ 6} Scott assigns the following five assignments of error, some of which will be combined for review:

"I. The trial court abused its discretion and erred as a matter of law by making findings of fact and conclusions of law without hearing evidence regarding the issues decided.

"II. The trial court abused its discretion and erred as a matter of law by dividing marital property unequally without reference to the factors in R.C. 3105.171 and by including punishment of defendant as a factor in the division of property.

"III.   The trial court erred as a matter of law and abused its discretion in calculating child support when it had heard no evidence of the alleged facts set forth in the child support computation worksheet.

"IV.   The trial court abused its discretion and erred as a matter of law by deviating child support without meeting the requirements of R.C. 3119.22 and 3119.23.

"V.   The trial court abused its discretion and erred as a matter of law when it ignored the requirements of Local Rule 28(B)(1)(a), instead directing counsel to prepare an uncontested judgment entry to be signed on the day of trial."

Standard of Review

{¶ 7}   When reviewing the propriety of a trial court's determination in a domestic relations case, an appellate court generally applies an abuse of discretion standard.   *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028.   This same standard is used in reviewing orders relating to alimony and a division of marital property.   Id., citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140, and *Martin v. Martin* (1988), 37 Ohio St.3d 292, 18 N.E.2d 1112. Likewise, a trial court's decision regarding a child support obligation will not be reversed on appeal absent an abuse of discretion.   *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 1997-Ohio-105, 686 N.E.2d 1108.   "Since it is axiomatic that a trial court must have discretion to do what is equitable upon the facts and circumstances of each case, it necessarily follows that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment." (Internal citation omitted.)   *Booth* at 144.   So long as the decision of the trial court is supported by

some competent, credible evidence going to all the essential elements of the case, this court will not disturb it. *Masitto v. Masitto* (1986), 22 Ohio St.3d 63, 66, 488 N.E.2d 857.

{¶ 8} With these principles in mind, we turn to review the assignments of error.

Findings of Fact and Conclusions of Law

{¶ 9} In his first assignment of error, Scott asserts that the trial court abused its discretion by making findings of fact and conclusions of law without hearing evidence. According to Scott, the trial court failed to hold a hearing or take evidence before rendering its decision. A review of the record, however, indicates otherwise. According to the trial court's App.R. 9(C) statement, the court directed Marcy's attorney to draft the judgment entry of divorce. After it was drafted, the court swore Marcy in and began to take evidence as to the facts of the case. The court then realized that the judgment entry of divorce was incomplete and directed Marcy's attorney to complete said entry. The App.R. 9(C) statement indicates that the proceedings concluded sometime in the middle of the afternoon.

{¶ 10} Although the parties' App.R. 9(C) statement stated that the trial court did not take evidence, the actual App.R. 9(C) statement approved by the court expressly disputes that allegation. The trial court wrote "[w]hen Plaintiff's attorney stated there was no evidence taken, she is inaccurate. * * * The Plaintiff was sworn in and proceeded to answer questions of her attorney and the Court. * * * The Defendant's attorney was not present for those proceedings, so he could have not been aware whether or not testimony was taken."

{¶ 11} App.R. 9(C) gives a trial court "the authority to delete, add, or otherwise modify portions of a proposed statement so that it will conform to the truth and be accurate before [the trial court] approves it." *Kiley v. Davis*, Cuyahoga App. No. 82233, 2003-Ohio-5074, appeal not allowed by 102 Ohio St.3d 1410, 2004-Ohio-1763, 806 N.E.2d 562, citing *Joiner v. The Illuminating Co.* (1978), 55 Ohio App.2d 187, 196, 380 N.E.2d 361. Thus, the trial court in this case modified the parties' statement and approved a statement of proceedings that conformed to the truth and accuracy of the actual trial court proceedings. See *Joiner.*

{¶ 12} Under Civ.R. 52, the purpose of findings of fact and conclusions of law is "'to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment.'" *In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 172, 492 N.E.2d 146, 147, quoting *Werden v. Crawford* (1982), 70 Ohio St.2d 122, 124, 435 N.E.2d 424, 426. "The purpose of separately stated findings of fact and conclusions of law is to enable a reviewing court to determine the existence of assigned error. * * * If the [trial] court's ruling or opinion, together with other parts of the trial court's record, provides an adequate basis upon which an appellate court can decide the legal issues presented, there is * * * substantial compliance" with the procedural rule requiring the court to make separate findings of fact and conclusions of law. *Abney v. W. Res. Mut. Cas. Co.* (1991), 76 Ohio App.3d 424, 431, 602 N.E.2d 348.

{¶ 13} It is undisputed that Scott did not attend his divorce trial. His attorney elected

not to participate in the preparation of the judgment entry of divorce or stay for the final hearing to cross-examine Marcy. This being the case, we find that Scott has waived his right to contest this issue on appeal. See, generally, *State v. Williams* (1977), 51 Ohio St.2d 112, 364 N.E.2d 1364. Moreover, we have reviewed the trial court's findings of fact and conclusions of law and find no abuse of discretion. The trial court made no order of spousal support, but reserved jurisdiction to do so; designated Marcy as the residential parent; ordered Scott to pay child support; and divided the marital property. Each of these decisions, as discussed infra, was supported by competent and credible evidence.

{¶ 14} The first assignment of error is overruled.

### Division of Property

{¶ 15} Scott next argues that the trial court abused its discretion in dividing the marital property unequally. Scott argues that the value the trial court placed on the marital real estate was too high. But Scott failed to present any evidence of valuation to support his claim. "[I]f a party fails to present sufficient evidence of valuation, they have presumptively waived their right to appeal the distribution of those assets since the trial court can only make decisions based on the evidence presented and is not required to order submission of additional evidence." *Davis v. Davis*, Cuyahoga App. No. 82343, 2003-Ohio-4657, ¶18, citing *Hruby v. Hruby* (June 11, 1997), Columbiana App. No. 93-C-9; see, also, *Roberts v. Roberts*, Franklin App. No. 08AP-27, 2008-Ohio-6121. Moreover, "when a party fails to present evidence as to

the value of an item, it is akin to an invited error and that party has waived the right to appeal in regard to that asset." *Tyler v. Tyler*, Cuyahoga App. No. 93124, 2010-Ohio-1428, ¶31, citing *Roberts.* Consequently, Scott is now barred from asking this court to review the trial court's division of property.

{¶ 16} Moreover, our review of the trial court's division of property shows that the values utilized for the purposes of property and debt division were supported by both parties' sworn financial affidavits, discovery, and Marcy's testimony as set forth in the court's App.R. 9(C) statement.

{¶ 17} The second assignment of error is overruled.

Child Support

{¶ 18} In the third and fourth assignments of error, Scott challenges the trial court's computation of child support. A trial court calculates the amount of child support using the basic child support schedule and the applicable child support computation worksheet. R.C. 3119.02 requires that "[i]n any action in which a court child support order is issued or modified, in any other proceeding in which the court determines the amount of child support that will be ordered to be paid pursuant to a child support order, or when a child support enforcement agency determines the amount of child support that will be paid pursuant to an administrative child support order, the court or agency shall calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule, the

applicable worksheet, and the other provisions of sections 3119.02 to 3119.24 of the Revised Code."

{¶ 19} Here, Marcy's attorney prepared the child support worksheet and submitted it to the trial court at the final hearing. Although neither Scott nor his attorney were present to sign the worksheet, the record reflects that the calculation was based on financial affidavits submitted by both parties as part of the divorce proceedings. The docket indicates that Marcy filed her motion for child support with a supporting affidavit during the pretrial process. Scott answered the motion and filed his own financial affidavit, and the parties exchanged discovery.

{¶ 20} Again, Scott has waived his claims by not participating in the divorce proceedings. Thus, absent any evidence to the contrary, we do not find that the trial court abused its discretion in computing child support.

{¶ 21} The third and fourth assignments of error are overruled.

Judgment Entry

{¶ 22} Finally, Scott claims that the trial court erred in its application of Loc.R. 28(B)(1). Loc.R. 28(B)(1) provides:

"(1) The Court may order or direct either party or counsel to prepare and present for journalization the judgment entry required by subsection (A) of this Rule. When so ordered or directed by the Court, such party or his counsel shall, within 10 days thereafter, unless the time be extended by the Court, prepare a proper judgment entry and submit the same to the opposing party or his counsel. The opposing party or his counsel shall have 3 days in which to approve or reject the judgment entry. In the event of rejection, the opposing party or his counsel shall file with the Court, at the time of such rejection, a written statement of his objections to the judgment entry. This

subsection shall not apply to uncontested matters or dissolutions of marriage.

"(2) Failure of the opposing party or his counsel to approve or reject any submitted judgment entry as provided above will allow the preparer of the entry to unilaterally present the entry for journalization by certifying thereon that the provision requiring submission to the opposing party or his counsel has been complied with and the date on which such compliance occurred."

{¶ 23} Local rules of court are generally procedural in nature, and the court has discretion in interpreting its own local rules. See *Boieru v. State Emp. Relations Bd.* (1988), 54 Ohio App.3d 23, 560 N.E.2d 801. We review the trial court's application of Loc.R. 28 under an abuse of discretion standard. *Roth v. Roth*, Cuyahoga App. No. 89141, 2008-Ohio-927.

{¶ 24} Although Scott did not appear for a pretrial or trial and his counsel decided not to stay to participate in drafting the judgment entry of divorce, Scott now claims that he should have been given time to review and object to the judgment entry.

{¶ 25} Loc.R. 4(A) of the Court of Common Pleas of Cuyahoga County, Division of Domestic Relations, provides: "[i]f a party seeking relief fails to appear on the scheduled trial or hearing date, either in person or by counsel, the court may enter an order dismissing the action for want of prosecution. If the other party fails to appear, either in person or by counsel, and the party seeking relief does appear, the court may allow the case to proceed and

hear and determine all matters."  Id.  As the trial court stated in its App.R. 9(C) statement, when Scott failed to appear at trial, the court directed Marcy's attorney to draft the judgment entry.  Marcy's attorney had not previously drafted the entry, as is the custom in uncontested divorce cases, because the parties expected Scott to attend his own divorce trial.  But Scott failed to appear, and his counsel left without participating in drafting the final judgment entry or hearing.  Based on this set of facts, we find no abuse of discretion in the trial court's application of Loc.R. 28(B)(1).

{¶ 26} Therefore, the fifth assignment of error is overruled.

{¶ 27} Accordingly, judgment is affirmed.

It is ordered that appellee recover of appellant her costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas Domestic Relations Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____
LARRY A. JONES, JUDGE

PATRICIA A. BLACKMON, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR