[Cite as *In re M.I.S.*, 2012-Ohio-5178.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   98138

# IN RE: M.I.S.
# A Minor Child

# [APPEAL BY A.M.S., FATHER]

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU 10105512

BEFORE:   Boyle, P.J., Cooney, J., and Kilbane, J.

RELEASED AND JOURNALIZED:   November 8, 2012

**FOR APPELLANT FATHER**

A.M.S., pro se
c/o 1243 East 99th Street
Cleveland, Ohio   44108


**ATTORNEY FOR APPELLEE MOTHER**

Thomas A. McCormack
The Superior Building
Suite 1915
815 Superior Avenue
Cleveland, Ohio   44114

MARY J. BOYLE, P.J.:

{¶1} Plaintiff-appellant, A.M.S. ("father"), appeals from a trial court judgment finding that Ohio was an inconvenient forum to determine his motion for custody. Finding no merit to his appeal, we affirm.

Procedural History and Factual Background

{¶2} In April 2010, father filed an application in the Cuyahoga County Court of Common Pleas, Juvenile Division, to determine custody pursuant to R.C. 2151.23(A)(2). In his affidavit attached to his application for custody, father averred that he and mother were "previously married according to Islamic Law." Father averred in his Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA") affidavit that the child was born in Louisiana on December 26, 2006. The child lived with father and mother, M.S., in Louisiana from the time of his birth until May 1, 2009, when the parties separated. The child then lived with father in Louisiana until July 2009, after which father moved to Ohio with the child. The child lived with father in Ohio from July 2009 to January 2010. In January 2010, mother came to Ohio to get the child. Since January 2010, the child has lived with mother in Louisiana.

{¶3} Mother moved to dismiss father's custody case, claiming that the court lacked jurisdiction, or in the alternative, moved the court to find that Ohio was an inconvenient forum. In her motion, mother explained that she and father were never married. She further stated that father "kidnapped the child to flee [Louisiana] to avoid legal process at a time when [mother] was out of the house." According to mother's

motion, father hid his whereabouts with the child until she discovered that he was in Cleveland, and Cleveland police helped secure possession of the child and return him to mother.

{¶4} In December 2010, the magistrate held a hearing. The parties agreed that mother "shall have temporary custody." They further agreed that father would have parenting time as set forth in their agreement. The parties also agreed that Louisiana was the appropriate forum to handle the custody case and that one of them would initiate a custody proceeding before the next hearing. The magistrate issued a pretrial order, setting forth the parties' agreement and ordering that "one of the parents shall file an action in Louisiana by the next hearing as this matter will be dismissed because Ohio is an inconvenient forum." The next hearing was set for March 2011.

{¶5} The magistrate held a hearing as scheduled on March 22, 2011. The magistrate found that pursuant to R.C. 3127.21, Ohio was an inconvenient forum. The magistrate dismissed the case without prejudice. Father objected to the magistrate's decision, arguing in part that the magistrate dismissed the matter without a full hearing and that mother had not filed a proper pleading requesting that the case be dismissed. In September 2011, the trial court sustained father's objections and returned the case to the magistrate.

{¶6} Upon remand from the trial court, the magistrate set the matter for hearing in February 2012 "to determine if Ohio [was] the appropriate forum."

**{¶7}** The magistrate held a hearing on February 8, 2012, to determine if Ohio was the appropriate forum. After hearing from father and mother's attorney, the magistrate concluded that Ohio was an inconvenient forum and that the parties had been given sufficient time to commence a child custody proceeding in Louisiana. The magistrate dismissed the case without prejudice and assessed costs to father.

**{¶8}** Father objected to the magistrate's decision, claiming, inter alia, that because of "ineffective assistance of counsel," his counsel had not properly included all of the time that the child was in Ohio on his original UCCJEA petition. Father further alleged that the magistrate failed to rule on the various motions he filed, as well as his writ of habeas corpus.

**{¶9}** After an independent review of the record, the trial court approved, adopted, and ordered the magistrate's decision into law.

**{¶10}** It is from this judgment that father appeals, raising 15 assignments of error for our review. Father's assignments of error are lengthy and, thus, we will summarize them as necessary. We will also group his assignments of error together for ease of discussion and convenience.

Standard of Review

**{¶11}** Unless otherwise noted, our standard of review is whether the trial court abused its discretion in adopting the magistrate's decision. A trial court's ruling on objections to a magistrate's decision will not be reversed absent an abuse of discretion. *Gobel v. Rivers*, 8th Dist. No. 94148, 2010-Ohio-4493, ¶ 16. Furthermore, when

reviewing the propriety of a trial court's determination in a domestic relations case, an appellate court generally applies an abuse of discretion standard. *Gray v. Gray*, 8th Dist. No. 95532, 2011-Ohio-4091, ¶ 7, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989).

{¶12} An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "Abuse of discretion" is a term of art, describing a judgment neither comporting with the record, nor reason. *See, e.g.*, *State v. Ferranto*, 112 Ohio St. 667, 676-678, 148 N.E. 362 (1925). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). Further, an abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.).

## R.C. 3127.21 — Inconvenient Forum

{¶13} In his first 11 assignments of error, father contends that the trial court erred when it determined that Ohio was an inconvenient forum to determine his custody petition. He first argues that the trial court did not permit him to submit evidence on the relevant factors under R.C. 3127.21. In his next ten assignments of error, father

essentially claims that the trial court erred by *not taking some action* before it found Ohio to be an inconvenient forum. We find no merit to his arguments.

{¶14} R.C. 3127.21(A) provides that even if a court has jurisdiction to make a child custody determination, it may decline to exercise that jurisdiction "at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more convenient forum."

{¶15} In determining whether a court is an inconvenient forum, a court shall consider the relevant factors set forth in R.C. 3127.21(B):

(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) The length of time the child has resided outside this state;

(3) The distance between the court in this state and the court in the state that would assume jurisdiction;

(4) The relative financial circumstances of the parties;

(5) Any agreement of the parties as to which state should assume jurisdiction;
(6) The nature and location of the evidence required to resolve the pending litigation, including the testimony of the child;

(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;

(8) The familiarity of the court of each state with the facts and issues in the pending litigation.

{¶16} Here, after hearing from father and mother's attorney, the magistrate found that the child was born in Louisiana in December 2006 and that besides a period of time, July 2009 to January 2010, the child had resided in Louisiana. The magistrate further

explained that at a December 2010 pretrial conference, the parties had entered into an agreement where mother would have temporary custody and father would have parenting time. The magistrate noted that the parties further agreed that Louisiana was the appropriate forum and that one of them would file a child custody action in Louisiana by the next hearing set for March 2011. The magistrate found that it had cautioned the parties that the case would be dismissed if the parties failed to file the action. The magistrate further found that mother filed an action in Louisiana, but was unable to obtain service. The magistrate stated: "Certified mail was sent to father but was returned marked 'unknown.' The address used was the address father had used on all of his pleadings in this case. Notices have been sent to that address by the court and nothing had been returned."

{¶17} The magistrate stated that she considered the factors listed in R.C. 3127.21(B), including (1) the length of time the child resided outside of Ohio, (2) any agreement of the parties as to which state should assume jurisdiction, (3) the nature and location of the evidence required to solve the pending litigation, and (4) "the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present evidence."

{¶18} The magistrate also considered R.C. 3127.21(C), which requires the court to "stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper." The magistrate stated that "the parties have had from

12/15/10 to 2/8/12 to commence an action in Louisiana," and that "the court [had] informed the parties that this matter would be dismissed even if no action was commenced."

**{¶19}** The magistrate concluded that Ohio was an inconvenient forum and that the parties had been given sufficient time to commence a child custody proceeding in Louisiana. The magistrate then dismissed the case without prejudice and assessed costs to father.

**{¶20}** After reviewing the record, it is clear that in determining whether Ohio was a convenient forum, the magistrate considered the relevant factors under R.C. 3127.21 and made findings of fact based on those relevant factors.

**{¶21}** The trial court independently reviewed the magistrate's decision, approved and adopted it, and entered its final judgment.

**{¶22}** With respect to father's assertion that the magistrate did not let him submit evidence on the relevant factors, we find that the record does not support his claim. During the hearing, father kept attempting to argue the merits of the custody case, not where custody of the child should be determined.

**{¶23}** Regarding father's arguments that the trial court should have taken other actions before it determined that Ohio was an inconvenient forum, we disagree. The trial court was fully within its discretion to determine first whether it had jurisdiction and then, if so, determine whether it should decline to exercise that jurisdiction. We find no abuse of discretion on the part of the trial court in adopting the magistrate's decision.

**{¶24}** Father's first 11 assignments of error are overruled.

Remaining Issues

**{¶25}** In his 12th and 13th assignments of error, father raises issues regarding mother's counsel having a conflict of interest in the case and claims the trial court erred by not barring him from representing mother. Father did not raise this issue below. Accordingly, we will not address it for the first time on appeal. Father's 12th and 13th assignments of error are overruled.

**{¶26}** In his 14th assignment of error, father contends that the trial court failed to provide him with effective assistance of counsel. "The Sixth Amendment to the United States Constitution provides a criminal defendant the right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). There is no constitutional right, however, to be represented by counsel in a civil proceeding between individual litigants. *Roth v. Roth*, 65 Ohio App.3d 768, 776, 585 N.E.2d 482 (6th Dist.1989). The right to effective assistance of trial counsel attaches only to criminal proceedings and to proceedings for the permanent, involuntary termination of parental rights. *See Jones v. Lucas Cty. Children Servs. Bd.*, 46 Ohio App.3d 85, 86, 546 N.E.2d 471 (6th Dist.1988). This case does not involve the termination of father's parental rights. Father's 14th assignment of error is overruled.

**{¶27}** In his 15th and final assignment of error, father claims that based on the cumulative effect of all of the trial court's errors, his due process rights were violated. After a thorough review of the record, we find no due process violation. Father can fully

litigate his claims against mother, just not in this state.  Father's 15th assignment of error is overruled.

**{¶28}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


MARY J. BOYLE, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
MARY EILEEN KILBANE, J., CONCUR