[Cite as *In re H.M.M.*, 2022-Ohio-473.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|                            |   |                        |
|----------------------------|---|------------------------|
| IN RE: H.M.M. AND J.A.M.   | : | APPEAL NO. C-210590    |
|                            |   | TRIAL NO. F-13-1921    |
|                            | : |                        |
|                            | : |                        |
|                            |   | *O P I N I O N.*       |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Reversed and Remanded

Date of Judgment Entry on Appeal: February 18, 2022

*Tibbs Law Office, LLC,* and *Sarah E. Michel,* for Appellant Mother,

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Silvia Arieira,* Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Raymond T. Faller*, Hamilton County Public Defender, and *Emily Hughes,* Assistant Public Defender, for the Guardian Ad Litem for H.M.M. and J.A.M.

**Bock, Judge.**

{¶1}  S.M.M. ("Mother") appeals the juvenile court's judgment granting permanent custody of her children, H.M.M. and J.A.M., to the Hamilton County Department of Job and Family Services ("HCJFS"). She argues that because the dispositional hearing occurred more than 90 days after the complaint was filed in violation of former R.C. 2151.35(B)(1), the court was required to dismiss the action. We agree, and we reverse the trial court's judgment and remand the case to the juvenile court to enter an order of dismissal without prejudice.

## I.  Facts and Procedure

{¶2}  In 2019, Mother, H.M.M., and J.A.M. lived with J.A.M.'s father, G.A. In April 2019, Mother informed medical workers that G.A. had sexually abused both her and H.M.M., and that she feared for her life.

{¶3}  On April 11, 2019, HCJFS moved for interim custody of H.M.M. and J.A.M. In its complaint, HCJFS alleged that the two children were neglected, abused, and/or dependent. HCJFS alleged that G.A. sexually assaulted both Mother and H.M.M. According to HCJFS's complaint, H.M.M. told investigators that she had survived five years of sexual assaults from G.A. H.M.M. told HCJFS that Mother knew of the assaults as early as 2018. But Mother told HCJFS that she discovered G.A.'s sexual assault of H.M.M. just days before.

{¶4}  Mother agreed to place H.M.M. and J.A.M. in HCJFS's temporary custody. Following a day-one hearing, the magistrate awarded temporary custody of H.M.M. and J.A.M. to HCJFS.

{¶5}  In May 2019, HCJFS filed its first amended complaint for temporary custody. The first amended complaint contained additional facts. It identified H.M.M.'s father, noted that Mother was charged with felonious child endangerment

2

and obstruction of justice, and reported that G.A. had been charged with six counts of rape and six counts of gross sexual imposition.

{¶6} In June 2019, HCJFS filed a second amended complaint for temporary custody, which recited the facts alleged in the first amended complaint.

{¶7} On August 23, 2019, HCJFS filed a third amended complaint for permanent custody. The third amended complaint alleged that Mother had entered a guilty plea for the child-endangerment charge.

{¶8} On November 20, 2019, HCJFS filed a fourth amended complaint for permanent custody. The fourth amended complaint recited the facts and allegations from the third amended complaint.

{¶9} Following a hearing on December 11, 2019, the magistrate entered an order finding that "[a]ll parties waive any objection to the completion of the adjudication and/or disposition within 90 days of the filing of the complaint."

{¶10} In September 2020, the magistrate conducted an adjudication hearing. Mother was not present as she was detained in the Butler County Jail pursuant to an immigration detainer. Based on the parties' stipulations, the magistrate found clear and convincing evidence that H.M.M. was an abused and dependent child, as defined in R.C. 2151.031 and 2151.04. In addition, the magistrate found clear and convincing evidence that J.A.M. was a dependent child.

{¶11} On April 5, 2021, the magistrate held a dispositional hearing and granted permanent custody of H.M.M. and J.A.M. to HCJFS. Mother filed written objections to the magistrate's decision with the juvenile court and argued that the dispositional hearing was not held within 90 days of the filing of the third amended complaint as required by former R.C. 2151.35(B)(1).

3

{¶12}   The juvenile court overruled Mother's objections. The court reasoned that there was "substantively no difference between HCJFS expressly requesting the original complaint to be dismissed, and then filing a new complaint and HCJFS simply filing an amended complaint and allowing the original complaint to expire as a matter of law." The court found that HCJFS proceeded on the fourth amended complaint and that Mother expressly waived the 90-day requirement in December 2020. The juvenile court adopted the magistrate's decision and placed H.M.M. and J.A.M. in the permanent custody of HCJFS.

{¶13}   Mother appeals.

## II.   Law and Analysis

{¶14}   In her sole assignment of error, Mother challenges the juvenile court's authority to hold the dispositional hearing after the expiration of former R.C. 2151.35(B)(1)'s 90-day deadline.

{¶15}   Mother proposes that we should review the juvenile court's alleged noncompliance with R.C. 2151.35(B)(1) as an issue of the juvenile court's subject-matter jurisdiction. Subject-matter jurisdiction is "the constitutional or statutory power of a court to adjudicate a particular class or type of case." *Corder v. Ohio Edison Co.*, 162 Ohio St.3d 639, 2020-Ohio-5220, 166 N.E.3d 1180, ¶ 14. Juvenile courts have exclusive, original jurisdiction over matters of child abuse, neglect, and dependency. R.C. 2151.23(A)(1). The complaint's allegations bring the matter within the juvenile court's subject-matter jurisdiction.

{¶16}   Former R.C. 2151.35(B)(1) affects a juvenile court's authority over a particular case. *See In re L.S.*, 4th Dist. Ross No. 20CA3719, 2020-Ohio-5516, ¶ 19 (reasoning that noncompliance with former R.C. 2151.35(B)(1)'s 90-day deadline "would render [a juvenile court's] resulting decisions voidable, not void."). The

4

jurisdiction over the particular case "encompasses the [juvenile] court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction." *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 12. This challenge raises a question of law that we review de novo. *In re J.L.M.,* 2018-Ohio-2175, 114 N.E.3d 658, ¶ 9 (3d Dist.).

### A. R.C. 5151.35(B)(1)

{**¶17**}   Ohio's juvenile courts are creatures of legislative enactment and derive their power and jurisdiction from R.C. Chapters 2151 and 2152. *See* R.C. 2151.07; *In re Z.R.,* 144 Ohio St.3d 380, 2015-Ohio-3306, 44 N.E.3d 239 ¶ 14. Therefore, juvenile courts can only exercise the authority conferred by the General Assembly. *In re K.M.,* 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245, ¶ 17, citing *In re Z.R.,* 144 Ohio St.3d 380, 2015-Ohio-3306, 44 N.E.3d 239, ¶ 14. A complaint alleging abuse, neglect, or dependency of a child must allege the particular factual basis for the allegation and state whether the agency is seeking temporary or permanent custody. R.C. 2151.27(C); Juv.R. 10. Following an adjudicatory hearing where the juvenile court finds clear and convincing evidence that the child is abused, neglected, or dependent, the court must hold a separate dispositional hearing before issuing a disposition order. R.C. 2151.35(A)(1) and 2151.353.

{**¶18**}   The Ohio Revised Code imposes a time limit for the life of an abuse, neglect, or dependency case. When a complaint alleges abuse, neglect, or dependency, a dispositional hearing "shall not be held more than ninety days after the date on which the complaint in the case was filed." Former R.C. 2151.35(B)(1). If the dispositional hearing is not held within that 90-day window, "the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice." *Id.*

**{¶19}** The Ohio Supreme Court has considered the effect of noncompliance with former R.C. 2151.35(B)(1) and held that a juvenile court must dismiss a case without prejudice after the expiration of the 90-day deadline. *In re K.M.* at ¶ 31. The 90-day window is a mandatory deadline and operates as an "express limitation on a juvenile court's authority." *Id.* at ¶ 23. This rule reflects an attempt by the General Assembly to balance the rights of the parents with the interest of protecting children. *Id.* at ¶ 30. Former R.C. 2151.35(B)(1) balanced those interests by permitting the "dismissal of a complaint *without prejudice*, which allows an agency to refile a new complaint that very same day and marshal its evidence if it still has concerns about a child's welfare." *Id.*

**{¶20}** In light of the explicit statutory language that requires dismissal after the expiration of the 90-day period, "there can be no implicit waiver of the 90-day limit." *Id.* at ¶ 26. Further, the court held that the juvenile rules' procedural requirements "cannot supersede the statutory mandate in [former] R.C. 2151.35(B)(1) requiring dismissal of the complaint." *Id.* at ¶ 27 (rejecting the Fifth District's conclusion that an untimely motion to dismiss warranted denial of the motion in *In re K.M.,* 5th Dist. Richland Nos. 18CA07 and 18CA08, 2018-Ohio-3144, ¶ 22).

**{¶21}** Following the Ohio Supreme Court's opinion in *In re K.M.,* we have explained that "a juvenile court that force[s] the parties to continue litigating past the 90 day dispositional deadline exceed[s] its statutory authority." *In re D.G.,* 2021-Ohio-429, 168 N.E.3d 43, ¶ 26 (1st Dist.), quoting *In re K.M.* at ¶ 3, quoting former R.C. 2151.35(B)(1); *see In re Z.S.,* 5th Dist. Perry Nos. 20-CA-00002, 20-CA-00003 and 20-CA-00004, 2021-Ohio-118, ¶ 22 ("after the expiration of the ninety day

deadline on October 23, 2018, the trial court had no authority to issue further orders except to journalize the dismissal of the case.").

## B. Amended Complaints

{¶22} Mother challenges the validity of HCJFS's fourth amended complaint.[1] The parties agree that the fourth amended complaint contains no new facts or allegations. Mother argues that the fourth amended complaint "cannot be considered an amended complaint as a matter of law." Therefore, Mother contends that the third amended complaint, filed on August 23, 2019, triggered former R.C. 2151.35(B)(1)'s 90-day deadline.

{¶23} The trial court rejected Mother's argument and explained that "HCJFS filed new complaints rather than moving to dismiss the preceding complaint" and that "[t]here is substantively no difference between HCJFS expressly requesting the original complaint be dismissed, and then filing a new complaint and HCJFS simply filing an amended complaint."

{¶24} A juvenile court has broad discretion to allow amendments to a complaint under Juv.R. 22 and we generally review those decisions for an abuse of discretion. *In re Morales*, 8th Dist. Cuyahoga No. 78271, 2001 Ohio App. LEXIS 1716, *16 (Apr. 12, 2001), citing *State v. Aller,* 82 Ohio App.3d 9, 12, 610 N.E.2d 1170 (6th Dist.1992). But Mother's challenge raises a question of statutory construction, which is an issue of law that we review de novo. *See Vontz v. Miller*, 2016-Ohio-8477, 111 N.E.3d 452, ¶ 26 (1st Dist.).

{¶25} Under the juvenile rules, a complaint "may be amended at any time prior to the adjudicatory hearing." Juv.R. 22(A) and (B). That language places no

---

[1] Although the second amended complaint is identical to the first amended complaint, Mother's appellate brief does not challenge its validity.

limitation on amendments. *In re Henderson*, 11th Dist. Lake No. 96-L-068, 1997 Ohio App. LEXIS 5333, *28 (Nov. 28, 1997). While the rule's language does not constrain a party's ability to amend a complaint prior to an adjudicatory hearing, the complaint must be *amended* before it has any practical effect on the case.

{¶26} Both the relevant chapters of the Revised Code and the Rules of Juvenile Procedure leave "amended complaint" undefined. Therefore, we must look to the plain and ordinary meaning of the word. *Rhodes v. City of New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 17, citing *Sharp v. Union Carbide Corp.*, 38 Ohio St.3d 69, 70, 525 N.E.2d 1386 (1988). An "amended complaint" is "[a] complaint that modifies and replaces the original complaint by adding relevant matters." *Black's Law Dictionary* 303 (8th Ed.2004). Likewise, "amend" means "to make right" or "change the wording of; specif., to formally alter by striking out, inserting, or substituting words." *Black's Law Dictionary* 89 (8th Ed.2004). In common-usage dictionaries, "amend" means to improve, to remove faults, or to alter. *Webster's II New College Dictionary* 36 (2001).

{¶27} Applying those definitions, the ordinary meaning of "amended complaint" requires a modification or change from the preceding complaint. In this case, the fourth amended complaint filed by HCJFS did not modify, change, or alter the third amended complaint. Rather, it contained an identical recitation of the third amended complaint. In light of the plain and ordinary meaning of the rule's language, the November 2019 complaint was not an amended complaint.

{¶28} HCJFS and the guardian ad litem argue that this court's precedent in *In re T.M.* precludes finding the fourth amended complaint invalid. *In re T.M.*, 1st Dist. Hamilton Nos. C-200009 and C-200012, 2020-Ohio-6950. This argument is unpersuasive. In *In re T.M.*, we held that a dispositional hearing that began within

8

the 90-day deadline, but was continued for two months, complied with former R.C. 2151.35(B)(1). *Id.* at ¶ 5. HCJFS and the guardian ad litem correctly note that in *In re T.M.,* the agency filed seven amended complaints*. See id.* at ¶ 1. But the validity of those amended complaints was not before this court in *In re T.M.* Rather, we only considered the effect of a continuance on former R.C. 2151.35(B)(1). *Id.* at ¶ 9. Moreover, HCJFS premises its analogy on facts that do not appear in this court's opinion in *In re T.M.* Therefore, any reliance on *In re T.M.* is misplaced.

{**¶29**} Our interpretation is consistent with the policy that the juvenile rules should be construed to ensure "the parties a fair hearing and the recognition and enforcement of their constitutional and other legal rights." Juv.R. 1(B)(1). And it is consistent with the principle that the juvenile rules are construed to "secure simplicity and uniformity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." Juv.R. 1(B)(3). Moreover, the juvenile rules "cannot be construed in a way that extends or limits the statutory authority of the juvenile court." *In re K.M.,* 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245, at ¶ 27. Allowing a party to file endless amended complaints, without any change in fact or allegations, would circumvent former R.C. 2151.35(B)(1)'s 90-day deadline. We reject any interpretation of the juvenile rules that encourages gamesmanship.

{**¶30**} The trial court erred when it determined that the complaint filed on November 20, 2019, was an *amended* complaint. Because there were no changes or alterations to the complaint's allegations or facts, the November 20, 2019 complaint did not extend or reset former R.C. 2151.35(B)(1)'s 90-day deadline.

{**¶31**} As a mandatory deadline, former R.C. 2151.35 was a limitation on the authority of a juvenile court. As such, former R.C. 2151.35(B)(1) required that the

9

juvenile court hold the dispositional hearing within 90 days of "the date on which the complaint in the case was filed." We agree with Mother—the third amended complaint, filed on August 23, 2019, triggered R.C. 2151.35(B)(1)'s 90-day deadline. The dispositional hearing was not held within 90 days of that complaint. Following the expiration of the 90 days, the juvenile court was required to dismiss the case without prejudice.

## C. Waiver

{¶32} Mother argues that the juvenile court had no jurisdiction to obtain a waiver following the expiration of the 90-day deadline. HCJFS disagrees and contends that Mother explicitly waived the 90-day dispositional deadline. On December 11, 2019, the magistrate found that "all parties waive any objection to the completion of the adjudication and/or disposition within 90 days of the filing of the complaint."

{¶33} Waiver is the "intentional relinquishment or abandonment of a known right." *In re R.K.*, 152 Ohio St.3d 316, 2018-Ohio-23, 95 N.E.2d 394, ¶ 5, quoting *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 20. The Ohio Supreme Court held that, because of the mandatory deadline found in former R.C. 2151.35(B)(1), "there can be no implicit waiver of the 90-day limit." *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245, at ¶ 26. In *In re D.G.,* we recognized that R.C. 2151.35(B)(1) allows for an express waiver of that 90-day deadline. *In re D.G.*, 2021-Ohio-429, 168 N.E.3d 43, at ¶ 27. An explicit waiver of the 90-day deadline involves an "affirmative action by all parties—independent of the trial court, on the record, and before the 90 days expire." *Id.*

{¶34} There can be no explicit waiver of the 90-day deadline after the 90 days expire. After that deadline, a juvenile court has no authority to issue further

10

orders except to journalize the dismissal of the case without prejudice. *See In re Z.S.*, 5th Dist. Perry Nos. 20-CA-00002, 20-CA-00003 and 20-CA-00004, 2021-Ohio-118, at ¶ 23 ("the fact that appellants filed a motion to withdraw their admission to the adjudicatory phase of the proceeding does not serve to extend the ninety day time limit as the language of the statute and the rule as well as the Supreme Court's holding in *In re K.M.* provide no flexibility.").

{¶**35**} Here, the 90-day deadline expired before the December 12 hearing. Therefore, the court had no authority to obtain a waiver at that hearing. As we have explained, "a juvenile court that forced the parties to continue litigating past the 90 day dispositional deadline exceeded its statutory authority, obligating it to dismiss the case 'on its own motion or the motion of any party or the guardian ad litem of the child.' " *In re D.G.* at ¶ 26, quoting *In re K.M.* at ¶ 26*,* quoting former  R.C. 2151.35(B)(1); *see In re L.S.,* 4th Dist. Ross No. 20CA3719, 2020-Ohio-5516, ¶ 19 ("any error the juvenile court made in proceeding on the dependency complaint after the deadline passed in this case would render its resulting decisions voidable.").

{¶**36**} HCJFS argues that Mother failed to object to any continuances following her alleged waiver and cites this court's decision in *In re M.U.,* 1st Dist. Hamilton Nos. C-130809 and C-130827, 2014-Ohio-1640, for the proposition that "in order for a parent to argue that a previous time waiver is not valid, the parent would have to demonstrate that their counsel failing to seek dismissal of a complaint on the ninetieth day was ineffective assistance of counsel." We disagree. In *In re M.U.,* we relied on the rationale from *In re Davis*, 84 Ohio St.3d 520, 523, 705 N.E.2d 1219 (1999), to analyze former R.C. 2151.35(B)(1)'s 90-day deadline. *In re M.U.* at ¶ 10. But *In re M.U.* predates the Ohio Supreme Court's decision in *In re K.M.,* which found that "[u]nlike the statutes we examined in *Davis* and *In re Z.R.*,

11

[former] R.C. 2151.35(B)(1) does contain an express limitation on a juvenile court's authority for failure to comply with a statutory deadline." *In re K.M.* at ¶ 23 and 27. In light of *In re K.M.,* we decline to apply *In re M.U.* to the facts of this case.

{¶37} Therefore, we sustain Mother's single assignment of error. The November 20, 2019 complaint was not an "amended complaint" and its filing did not restart former R.C. 2151.35(B)(1)'s 90-day deadline. Rather, the 90-day deadline began on August 23, 2019, when HCJFS filed the third amended complaint. Because the 90-day deadline had passed, the juvenile court lacked authority to hold the December 12, 2019 hearing or to find that Mother expressly waived that deadline. Finally, the juvenile court lacked authority to hold its April 5, 2021 dispositional hearing, well after the mandatory 90-day dispositional deadline lapsed. Following the 90-day deadline's expiration, the only thing left for the court to do was dismiss the case without prejudice. *See In re K.M.* at ¶ 31.

### III.  Conclusion

{¶38}  We sustain Mother's assignment of error, reverse the judgment of the juvenile court, and remand the case to the juvenile court to enter an order of dismissal without prejudice.

Judgment reversed and case remanded.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.