[Cite as *In re J.S.*, 2022-Ohio-1679.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE J.S.                                                      :

                                                 No. 111097

Minor Child                                              :

[Appeal by K.S., Mother]                      :

_____

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 19, 2022

_____

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD-21905665

_____

*Appearances:*

Scott J. Friedman, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney and Joseph C. Young, Assistant Prosecuting
Attorney, *for appellee.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Appellant, K.S. ("Mother"), appeals from the decision of the juvenile court granting permanent custody of her minor child, J.S. ("J.S." or the "child"), to the Cuyahoga County Department of Children and Family Services ("CCDCFS" or the "agency"). Mother contends that the court should have dismissed the case without prejudice because it failed to hold the dispositional hearing within 90 days

after CCDCFS filed its complaint seeking permanent custody. We affirm the trial court's judgment denying Mother's motion to dismiss.

## I. Background

{¶ 2} On July 2, 2021, CCDCFS filed a complaint alleging that J.S. was an abused, neglected, and dependent child and requesting a disposition of permanent custody to the agency. CCDCFS also filed a motion seeking predispositional emergency temporary custody of the child.

{¶ 3} On August 23, 2021, the court held a hearing at which Mother appeared without counsel, after which the court continued the matter for further hearing on the temporary emergency custody issue to September 20, 2021, because service had not been perfected and counsel had not yet been appointed for Mother. During this hearing, counsel for CCDCFS advised the court that the 90-day statutory period for holding the dispositional hearing ended on September 30, 2021.

{¶ 4} On September 14, 2021, the court, through its magistrate, issued an entry continuing the hearing set for September 20, 2021, to October 4, 2021, "because the Court is unavailable on September 20, 2021. The Court finds good cause to go beyond the speedy trial time."

{¶ 5} Thereafter, on October 4, 2021, the magistrate held a hearing on CCDCFS's motion for temporary custody of the child, after which the child was committed to the emergency temporary custody of CCDCFS. Although Mother was not present, her counsel appeared and participated in the hearing, including cross-

examining former and current CCDCFS social workers assigned to the case.[1]  At the close of the hearing, the magistrate and counsel for the parties set dates for the adjudicatory hearing to be held on November 8, 2021, and the dispositional hearing on November 12, 2021.  Mother's counsel raised no objection that the dispositional hearing was set for a date beyond the 90-day statutory time period for such hearings.

{¶ 6}  On October 12, 2021, after obtaining new counsel, Mother filed a motion to vacate the emergency temporary custody order and dismiss the complaint without prejudice.  In her motion, Mother argued that under R.C. 2151.28(B)(3), "in no case shall the dispositional hearing be held later than 90 days after the date on which the complaint was filed."  Mother argued that because the complaint was filed on July 2, 2021, and the hearing on CCDCFS's motion for emergency temporary custody was held on October 4, 2021, the hearing was held four days past the mandatory 90-day time period of R.C. 2151.28(B)(3) and the case should therefore be dismissed without prejudice.

{¶ 7}  The trial court denied Mother's motion.  It found that the magistrate's September 14, 2021 order stating there was "good cause to go beyond the speedy trial time" put Mother on notice that the case would continue past the 90-day statutory time period and therefore, if she had an objection, she should have filed a motion to dismiss prior to the October 4, 2021 hearing.  The court further found that Mother participated in the October 4 hearing — which occurred 94 days after the

---

[1] Although Mother contends she was unrepresented at this hearing, the transcript of the hearing reflects that assistant public defender Taylor Slivka appeared on Mother's behalf.

complaint was filed — without raising any objection, therefore acquiescing to the court's authority to proceed and implicitly waiving any objection to the case continuing past the 90-day time period.

**{¶ 8}** On November 8, 2021, the trial court held an adjudicatory hearing after which J.S. was adjudicated to be neglected and dependent. On November 12, 2021, the trial court held a dispositional hearing and after making the appropriate findings, awarded permanent custody of J.S. to CCDCFS. This appeal followed.

## II. Law and Analysis

**{¶ 9}** In her single assignment of error, Mother contends that the trial court erred in denying her motion to vacate the magistrate's temporary custody order and dismiss the case without prejudice due to the trial court's failure to hold the dispositional hearing within the 90-day statutory time limits set forth in R.C. 2151.28(B) and 2151.35(B)(1).

**{¶ 10}** This is a question of law that we review de novo. *In re V.M.*, 8 th Dist. Cuyahoga No. 109725, 2020-Ohio-6746, ¶ 7 (where the facts are undisputed and the appellate court is faced with a purely legal question of whether the trial court correctly applied the law to the facts, the question is a matter of law that is reviewed de novo).

**{¶ 11}** "Ohio's juvenile courts are creatures of legislative enactment and derive their power and jurisdiction from R.C. Chapters 2151 and 2152." *In re H.M.M.*, 1st Dist. Hamilton No. C-210590, 2022-Ohio-473, ¶ 17, citing R.C. 2151.07; *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, 44 N.E.3d 239, ¶ 14. Thus, juvenile

courts may only exercise the authority conferred by the General Assembly. *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 245, ¶ 17.

{¶ 12} The General Assembly has conferred authority on the juvenile courts to hear complaints alleging that a child is abused, neglected, or dependent. R.C. 2151.23(A)(1). A complaint alleging that a child is abused, neglected, or dependent must set forth the factual basis for the allegation and state whether the agency is seeking temporary or permanent custody. R.C. 2151.27(C). Following an adjudicatory hearing, if the juvenile court finds clear and convincing evidence that the child is abused, neglected, or dependent, the court must hold a separate dispositional hearing before issuing a disposition order. R.C. 2151.35(A)(1) and 2151.353.

{¶ 13} The Ohio Revised Code sets out time limits for the adjudicatory and dispositional hearings. With respect to the adjudicatory hearing, R.C. 2151.28(A)(2) provides:

> If the complaint alleged that the child is an abused, neglected, or dependent child, the adjudicatory hearing shall be held no later than thirty days after the complaint is filed, except that, for good cause shown, the court may continue the adjudicatory hearing for either of the following periods of time:
>
> (a) For ten days beyond the thirty-day deadline to allow any party to obtain counsel;
>
> (b) For a reasonable period of time beyond the thirty-day deadline to obtain service on all parties or any necessary evaluation, except that the adjudicatory hearing shall not be held later than sixty days after the date on which the complaint was filed.

{¶ 14} The timeframes for the adjudicatory hearing are not jurisdictional, however. As set forth in R.C. 2151.28(K),

> The failure of the court to hold an adjudicatory hearing within any time period set forth in division (A)(2) of this section does not affect the ability of the court to issue any order under this chapter and does not provide any basis for attacking the jurisdiction of the court or the validity of any order of the court.

{¶ 15} With respect to time limits for the dispositional hearing, R.C. 2151.28(B)(3) provides that "in no case shall the dispositional hearing be held later than ninety days after the date on which the complaint was filed." Under R.C. 2151.35(B), the trial court may extend the 90-day time period for a dispositional hearing, however, upon a finding of good cause:

> The court may hold the dispositional hearing for an adjudicated abused, neglected, or dependent child immediately after the adjudicatory hearing if all parties were served prior to the adjudicatory hearing with all documents required for the dispositional hearing. The dispositional hearing shall not be held more than thirty days after the adjudicatory hearing is held. The dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed except that, for good cause shown, the court, on its own motion or on the motion of any party or the child's guardian ad litem, may continue the dispositional hearing for a reasonable period of time beyond the ninety-day deadline. This extension beyond the ninety-day deadline shall not exceed forty-five days * * *. If the dispositional hearing is not held within the period of time required by this division, the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice.

{¶ 16} Mother argues that the trial court erred in denying her motion because "there is no question that the dispositional hearing occurred beyond the 90-day time limit" and "therefore, the complaint should have been dismissed." Her argument is without merit.

{¶ 17} As set forth above, there are no jurisdictional time limits for the adjudicatory hearing; the only requirement is that it precede the dispositional hearing, which must be held no later than 135 days after the filing of the complaint if the court has found "good cause" to continue the dispositional hearing beyond the 90-day time period. The complaint in this case was filed on July 2, 2021. The trial court thereafter issued an entry stating that it had found "good cause to go beyond the speedy trial time" in the case. On October 4, 2021, the trial court held a hearing on CCDCFS's motion for predispositional temporary custody, after which J.S. was placed in agency custody. The adjudicatory hearing was held on November 8, 2021, 129 days after the filing of the complaint, and the dispositional hearing was held on November 12, 2021, 133 days after the complaint was filed, within the statutory time limit for cases in which the trial court has found good cause for continuing the dispositional hearing.

{¶ 18} Mother contends that the trial court erred in denying her motion, however, because it found that she implicitly waived the 90-day time limit, even though the Ohio Supreme Court found in *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995, 152 N.E.3d 145, at ¶ 26, that "there can be no implicit waiver of the 90-day limit" in R.C. 2151.35(B)(1). This argument is without merit.

{¶ 19} In *In re K.M.*, the Ohio Supreme Court analyzed a former version of R.C. 2151.35 that did not contain the "good cause" language that was later added to the statute. In analyzing the former version, the Ohio Supreme Court found that because the statute explicitly required dismissal after the 90-day time period and

did not contain any language that allowed the court to act beyond the 90-day limit, there could be no implicit waiver of the 90-day time limit. *Id.* at ¶ 24-25. After *In re K.M.* was decided, the General Assembly amended the statute effective April 12, 2021, to add language that allows the court to act beyond the 90-day time limit; i.e., "for good cause shown, the court, on its own motion or on the motion of any party or the child's guardian ad litem, may continue the dispositional hearing for a reasonable period of time beyond the ninety-day deadline. This extension beyond the ninety-day deadline shall not exceed forty-five days * * *." The amended version of the statute applies to this case and, therefore, Mother's reliance on *In re K.M.* is misplaced.

{¶ 20} Furthermore, even if the trial court erred in denying Mother's motion based on her implicit waiver, we find no prejudicial error. The magistrate found good cause to continue the dispositional hearing beyond the 90-day requirement, as allowed by R.C. 2151.35(B), and ultimately, the hearing was held within the time period required by statute.

{¶ 21} Mother contends, however, that the magistrate's September 14, 2021 order continuing the emergency temporary custody hearing and finding "good cause to go beyond the speedy trial time" did not continue the dispositional hearing because that hearing had not yet been scheduled when the magistrate entered the order. She argues that instead, the magistrate's order continued only the hearing for emergency temporary custody and therefore, because there was no "good cause"

to justify the juvenile court's delay in holding the dispositional hearing, the trial court should have granted her motion to dismiss. We are not persuaded.

{¶ 22} First, we find no requirement in either R.C. 2151.28 or 2151.35 that a trial court may not continue the dispositional hearing for good cause only after the adjudicatory hearing has been held and the dispositional hearing is set, as Mother seems to argue. Furthermore, it is apparent from the record that the magistrate's order finding "good cause to go beyond the speedy trial time" related to continuing the dispositional hearing, not the hearing on emergency temporary custody. At the hearing on August 23, 2021, the magistrate was informed that service had still not been completed and counsel was yet to be appointed for Mother. Counsel for CCDCFS also advised the magistrate at this hearing that the 90-day time period for the dispositional hearing ended a little over a month later, on September 30, 2021. Accordingly, the magistrate was made aware that to resolve the case under these circumstances, the trial court would need to schedule the dispositional hearing beyond the 90-day deadline. It is evident, therefore, that although the magistrate's September 14, 2021 entry continued the emergency temporary custody hearing to October 4, 2021 due to the court's unavailability, its finding that there was "good cause to go beyond the speedy trial time" related to continuing the dispositional hearing, not only the temporary custody hearing.

{¶ 23} Because the magistrate properly found good cause under the circumstances of the case to continue the dispositional hearing beyond the 90-day deadline, as permitted by R.C. 2151.35(B)(1), the trial court did not err in denying

Mother's motion to vacate the magistrate's decision and dismiss the case. The assignment of error is overruled.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR