[Cite as *In re M.R.*, 2026-Ohio-187.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| IN RE M.R., ET AL. | : | |
| | | No. 115035 |
| Minor Children | : | |
| [Appeal by Father] | : | |

---

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 22, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD24911058 and AD24911059

---

***Appearances:***

Richard E. Hackerd, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Joseph C. Young, Assistant Prosecuting Attorney, *for appellee* CCDCFS.

MICHAEL JOHN RYAN, P.J.:

{¶ 1} Appellant-father appeals the juvenile court's decision to grant temporary custody of children M.R. and My.R. to the Cuyahoga County Division of Children and Family Services ("CCDCFS" or "agency"). For the reasons that follow, we affirm.

{¶ 2} Father is the biological father of M.R. and My.R. The children were previously removed from their mother because of her mental-health and substance-abuse issues.[1] In July 2023, the children were placed in father's legal custody. In early 2024, the children were placed with their maternal aunt because of an abuse allegation, but the allegation was found to be unsubstantiated and the children were returned to father's care in July 2024.

{¶ 3} The next month, the agency received a dependency referral, which indicated that father had substance-abuse issues and was unable to provide for the children's basic needs. The agency developed a case plan with the goal of assisting father in achieving and maintaining sobriety and being better able to provide appropriate care for the children. Among other things, father was required to submit to drug screens. Father submitted to one drug screen, which was positive for amphetamines, cocaine, and marijuana. Father was referred for a substance-abuse assessment on multiple occasions and was asked to submit to monthly drug screens beginning in September 2024. Father denied having a substance-abuse problem and failed to complete the assessments or undergo any more drug tests.[2] Based on this, the agency concluded that father was unable to demonstrate sobriety.

{¶ 4} Father was twice referred for parenting classes but refused to participate in any services. The agency could not verify that father was employed or

---

[1] Mother is not a party to this appeal.

[2] Although father had a medical marijuana card, the case plan required father to agree that he would not use marijuana.

had a source of income. As to the children's mother, the agency did not know her location and mother did not provide care or support for the children.

{¶ 5} On October 21, 2024, CCDCFS filed a complaint alleging that the children were neglected and requesting a disposition of temporary custody to the maternal aunt. The court held an adjudicatory hearing, during which two witnesses for the agency testified. At the conclusion of the adjudicatory hearing, the magistrate recommended that the children be found dependent and set the matter for a dispositional hearing.

{¶ 6} On January 10, 2025, CCDCFS moved to amend its dispositional request to request temporary custody to the agency, instead of the aunt. On January 17, 2025, the trial court entered judgment finding the children to be dependent. On February 12, 2025, the magistrate held the dispositional hearing. The magistrate indicated that it would consider all evidence presented during the adjudicatory hearing and took additional testimony.

{¶ 7} A magistrate's decision was issued in each child's case recommending that the children be placed in the temporary custody of the agency. The magistrate found that returning the children to father would be contrary to their best interest. Father did not file objections to the magistrate's decision.

{¶ 8} On March 11, 2025, the trial court journalized entries committing the children to the agency's temporary custody. The court attached the most recent case plan, dated November 11, 2024, to the judgment entry. The case plan noted that father had refused a substance-abuse assessment and treatment and refused to

comply with drug screens.  The case plan also noted that father refused to comply with parenting referrals and classes.

{¶ 9} This appeal followed.

{¶ 10} Father assigns two errors for our review, arguing that he was denied effective assistance of counsel and that there was not clear and convincing evidence to support a finding of dependency.  We consider these assigned errors out of order.

{¶ 11} In the second assignment of error, father argues that there was not clear and convincing evidence to support a finding of dependency.

{¶ 12} We review a trial court's adoption of a magistrate's decision for an abuse of discretion.  *In re A.G.*, 2025-Ohio-4371, ¶ 13 (8th Dist.).  An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority."  *Abdullah v. Johnson*, 2021-Ohio-3304, ¶ 35.

{¶ 13} Juv.R. 40(D)(3)(b) governs objections to a magistrate's decision.  Should a party wish to object to the magistrate's decision, the party has 14 days from the filing of the decision to do so.  Juv.R. 40(D)(3)(b)(i).  The rule further provides that  "[a]n objection to a factual finding . . . shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."  Juv.R. 40(D)(3)(b)(iii).

{¶ 14} Except for a claim of plain error, a party may not assign as error on appeal the court's adoption of any of the magistrate's factual findings or legal conclusions unless the party has filed timely objections and a transcript of the

proceedings. Juv.R. 40(D)(3)(b)(iii), (iv). In cases where the transcript is necessary to decide the assignment of error before us and no transcript has been filed, we are obligated to presume the validity of the trial court's proceedings and affirm its decision. *Tucker v. Hines*, 2020-Ohio-1086, ¶ 8 (10th Dist.), citing *Blevins v. Blevins*, 2014-Ohio-3933 (10th Dist.).

{¶ 15} Father contends that this court should review his assigned error, despite his failure to file objections with the lower court, because the "misconstruction of the evidence presented is plain on its face." (Appellant's brief, p. 15). This is the totality of father's argument.

{¶ 16} App.R. 12 provides that this court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based. Because father has failed to support his argument with any references to the record, we could summarily overrule the assigned error.

{¶ 17} Moreover, although father filed the transcript of the dispositional hearing with this court, he challenges the children's adjudication in this assignment of error. Father did not file a transcript of the adjudicatory hearing with this court. Even if father had filed the appropriate transcript, however, we are precluded from considering a transcript submitted with the appellate record when an objecting party fails to provide the trial court with the same transcript. Juv.R. 40(D)(3)(b)(iv); *see also In re S.H.*, 2014-Ohio-4476, ¶ 16 (8th Dist.) (transcript provided to appellate court cannot be considered when that same transcript was not provided to

the trial court); *In re D.S.R.*, 2012-Ohio-5823, ¶ 20 (11th Dist.) (finding that the juvenile court was required to accept the magistrate's findings of fact as true and permitted to examine only the legal conclusions based on those facts because of mother's failure to timely file a transcript).

{¶ 18} The requirements of Juv.R. 40(D)(3)(b) are clear. In order to assert error on appeal, father was required to file objections to the magistrate's decision along with a transcript of all the evidence submitted to the magistrate. He failed to do so. Moreover, because father's argument that the evidence presented did not constitute clear and convincing evidence of dependency relies on the juvenile court's factual findings, we cannot consider his argument on appeal.

{¶ 19} The second assignment of error is overruled.

{¶ 20} In the first assignment of error, father claims that he was afforded ineffective assistance of trial counsel.

{¶ 21} To prevail on an ineffective-assistance-of-counsel claim, father must establish that trial counsel's performance fell below an objective standard of reasonableness and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). To demonstrate prejudice, father must show that, but for counsel's errors, there is a reasonable probability that the result would have been different. *In re T.C.*, 2025-Ohio-820, ¶ 26 (1st Dist.). The failure to make an adequate showing on either prong is fatal to an ineffective-assistance-of-counsel claim. *See Strickland* at 697.

{¶ 22} In *In re M.I.S.*, 2012-Ohio-5178, ¶ 26 (8th Dist.), this court recognized that "the right to effective assistance of trial counsel attaches only to criminal proceedings and to proceedings for the permanent, involuntary termination of parental rights." *Id.*, citing *Jones v. Lucas Cty. Children Servs. Bd.*, 46 Ohio App.3d 85 (6th Dist. 1988). This court has not extended the constitutional guarantee of effective assistance of counsel to legal custody proceedings. *In re M.I.S.* at *id.* Nor at this time will this court extend the effective assistance of counsel to temporary custody proceedings.

{¶ 23} Nevertheless, father argues that his counsel was ineffective because of counsel's failure to object to the timing of the adjudicatory and dispositional hearings, claiming that the hearings were not held within the statutory timeframe.

{¶ 24} R.C. 2151.28(A)(2) sets forth the following guidelines regarding adjudicatory hearings:

> If the complaint alleged that the child is an abused, neglected, or dependent child, the adjudicatory hearing shall be held no later than thirty days after the complaint is filed, except that, for good cause shown, the court may continue the adjudicatory hearing for either of the following periods of time:
>
> (a) For ten days beyond the thirty-day deadline to allow any party to obtain counsel;
>
> (b) For a reasonable period of time beyond the thirty-day deadline to obtain service on all parties or any necessary evaluation, except that the adjudicatory hearing shall not be held later than sixty days after the date on which the complaint was filed.

{¶ 25} However, these timeframes are not jurisdictional:

> The failure of the court to hold an adjudicatory hearing within any time period set forth in division (A)(2) of this section does not affect the

ability of the court to issue any order under this chapter and does not provide any basis for attacking the jurisdiction of the court or the validity of any order of the court.

R.C. 2151.28(K). *See also In re K.M.*, 2020-Ohio-995, ¶ 24 (recognizing the non-binding time requirements of R.C. 2151.28); *In re J.S.*, 2022-Ohio-1679, ¶ 17 (8th Dist.) (noting that there are no jurisdictional time limits for the adjudicatory hearing; the only requirement is that it precede the dispositional hearing).

{¶ 26} Once a child is adjudicated, the trial court then proceeds with dispositional hearing as set forth in R.C. 2151.35, which establishes a maximum time limit for the hearing as follows:

The dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed except that, for good cause shown, the court, on its own motion or on the motion of any party or the child's guardian ad litem, may continue the dispositional hearing for a reasonable period of time beyond the ninety-day deadline. This extension beyond the ninety-day deadline shall not exceed forty-five days and shall not be available for any case in which the complaint was dismissed and subsequently refiled.

R.C. 2151.35(B)(1).

{¶ 27} Thus, the relevant statute permits a trial court, for good cause, to hold the dispositional hearing no later than 135 days after the date on which the complaint was filed. *See J.S.* at *id*.

{¶ 28} Here, the trial court held the adjudicatory hearing on December 23, 2024, 63 days after the filing of the complaint, which was just outside the 60-day timeframe set forth in R.C. 2151.28(A)(2)(b). This slight delay did not affect the trial court's ability to proceed with adjudication.

{¶ 29} The February 12, 2025 dispositional hearing was held within required statutory time limits. The record demonstrates that the dispositional hearing was originally set to be heard immediately following the adjudicatory hearing, but that father's counsel suggested that the dispositional hearing be continued. The trial court rescheduled the dispositional hearing to be held within the 90-day statutory timeframe on January 15, 2025, but that date was continued because of the agency's January 10, 2025 motion to amend its dispositional request to request temporary custody to the agency and because father's counsel requested more time.

{¶ 30} The February 12, 2025 hearing was held 114 days after the filing of the complaint; therefore, it was held within the timeframe set forth in R.C. 2151.35(B)(1), which allows for a 45-day extension of the original 90-day period. Thus, father's claim that his counsel was ineffective for failing to object to the hearing dates is without merit.

{¶ 31} Father next argues his counsel was ineffective for failing to file objections to the magistrate's decision because, according to father, there was a strong probability the juvenile court would have granted the objections. To support this position, father argues that the children should not have been placed with the maternal aunt. [3] He also claims that his "minor infractions . . . do not rise" to a finding of dependency. Although father's claimed error states that he is challenging

---

[3] At the time of the adjudicatory and dispositional hearings, the children were placed with their maternal aunt. The record reflects that they are no longer in that placement.

the children's disposition, father's argument within the assigned error only challenges the children's adjudication of dependency.

{¶ 32} After a thorough review of the record, we are unable to conclude that counsel for father rendered ineffective assistance of counsel. The children were removed from father's care because of substance abuse and parenting issues. The agency developed a case plan focusing on those issues. Father submitted to one drug screen, which was positive for amphetamines, cocaine, and marijuana. Father was referred for a substance-abuse assessment but never followed through and refused to comply with monthly drug screens.

{¶ 33} Father was also referred to parenting classes but refused to participate in any services. The agency could not verify that father was employed. Father's interaction with the children was limited. Although the aunt, with whom the children were placed, had an "open-door" policy allowing father to visit at will, father did not visit with the children. The evidence showed that the children were doing well in their placement, doing well in school, and that the children's basic needs were met. The GAL also recommended that the children be placed in the temporary custody of the agency.

{¶ 34} Given the evidence, the trial court reasonably concluded that granting temporary custody to the agency was in the children's best interest. Consequently, father has failed to demonstrate that he was prejudiced by counsel's representation.

{¶ 35} The first assignment of error is overruled.

{¶ 36} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MICHAEL JOHN RYAN, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
DEENA R. CALABRESE, J., CONCUR